# CROSSMAN *vs.* CROSSMAN.

[BILL IN EQUITY FOR DIVORCE ON GROUND OF ABANDONMENT.]

1. *Proof of plaintiff's residence.*—To entitle a party to a divorce, (Code, § 1969,) when the defendant is a non-resident, the plaintiff must allege and prove his own *bona-fide* residence in this State for one year next before the filing of the bill.

2. *What constitutes abandonment.*—The husband cannot obtain a divorce on the ground of abandonment, (Code, § 1961,) on proof that he removed to this State more than twenty years before the filing of his bill, and that his wife afterwards refused to comply with her promise to follow him : he must show a refusal on her part to live with him for three years next before the commencement of the suit.

APPEAL from the Chancery Court of Wilcox.
Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Egbert Crossman, on the 20th October, 1856, for the purpose of obtaining a divorce from his wife, Mrs. Nancy Crossman, on the ground of voluntary abandonment for more than three years. It alleged, that the parties were married in Massachusetts, in January, 1827, and lived together as husband and wife until some time in 1834, when the complainant

determined to remove to Alabama; that his wife did not oppose his removal, but encouraged him to come south, and promised that she, with their two children, would follow him so soon as he had selected a home; that he settled in Wilcox county, Alabama, and resided there continuously up to the filing of the bill; that he frequently wrote to his wife, requesting her to come to his home, and remitted money to her sufficient to defray the expenses of her journey; and that she refused to comply with her promise, and would assign no reason for her refusal.

A decree *pro confesso* was duly entered against the defendant, on proof of publication against her as a non-resident. The plaintiff took the depositions of Ralph Taylor and Mrs. Harriet E. Pyncheon, the latter being a sister of the defendant. Each of these witnesses testified, that the parties had been married between twenty-five and thirty years; that the complainant, after he removed to the south, had frequently written letters to his wife and relatives, begging her to come and live with him, and had more than once sent her money to defray the expenses of her journey; and that she refused to comply with his request, but without assigning any reason for her conduct.

On final hearing, on pleadings and proof, the chancellor dismissed the bill, but without prejudice; and his decree is now assigned as error.

WATTS, JUDGE & JACKSON, for the appellant.

STONE, J.—The record in this case contains no evidence that the complainant had been a *bona-fide* resident of this State for one year next before he filed his bill. Code, § 1969.

Nor does the proof show a refusal on the part of Mrs. Crossman to live with Mr. Crossman as his wife, for three years before the commencement of the suit.—Code, § 1961; Hanberry v. Hanberry, 29 Ala. 719.

The decree of the chancellor is affirmed.