# Hendricks *v.* Hendricks.

*Bill in Equity for Divorce, on account of Abandonment.*

1. *Proof of residence.*—By express statutory provision (Code, § 2691), a divorce can not be granted on the ground of voluntary abandonment, unless it is alleged and proved that the party applying for it, whether husband or wife, has been a *bona fide* resident of this State for three years next before the filing of the bill; and the statute being intended to guard against frauds on the jurisdiction of the court, while the fact of such residence may, like any other fact, be proved by circumstances, the court will not act upon proof of circumstances which are not in themselves conclusive, when it is apparent that the fact, if it exists, can be established by direct and indisputable evidence.

APPEAL from the Chancery Court of Blount.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 15th February, 1882, by David A. Hendricks, and sought a divorce from his wife, on the ground of voluntary abandonment for more than two years before the filing of the bill. On final hearing, on pleadings and proof, the chancellor dismissed the bill, on the ground that the complainant had failed to prove his residence *bona fide* in the State for the three years next before the filing of the bill; and the chancellor's decree is now assigned as error.

HAMILL & DICKINSON, and L. R. HANNA, for appellant.

JOHN A. LUSK, *contra.*

[Hendricks v. Hendricks.]

BRICKELL, C. J.—We concur in the decree of the chancellor. The statute, in express terms, prohibits the filing a bill for divorce upon the ground of voluntary abandonment, unless it is alleged and proved, that, for three years next before the filing of the bill, the complainant has been *bona fide* a resident of this State.—Code of 1876, § 2691. The obvious purpose of the statute is the prohibition of divorces by the jurisdiction having authority to decree them, to those who, it is possible, may have transiently and temporarily transferred their residence to this State, or who, after the abandonment has occurred, may have transferred their actual domicile from this to another State—the prevention of frauds upon the law, by a temporary residence raised for the purpose of giving jurisdiction to the court. It is true, it is shown by the evidence that the marriage occurred in this State, more than thirty years before the bill was filed, and that, at different times thereafter, husband and wife were residing in the State; and there is an absence of evidence that there was at any time a change of the domicile of either. The *bona fide* residence which the statute requires may, like any other fact, be proved by circumstances; but the circumstances should be strong, in themselves conclusive, and inconsistent with any other reasonable hypothesis, than the existence of the fact. In a suit for divorce, the interests of society, as well as the interests of the parties, are involved; and as to a material fact, the court should not proceed upon evidence which is consistent with the non-existence of the fact; especially, when it is, as in the present case, manifest that, if the fact really exists, the party complaining has the means, and has had the opportunity, of proving it directly and indisputably. The complainant was a witness in his own behalf, and knew the locality of his residence during the three years next preceding the bill, and every fact showing that it was *bona fide*. There are other witnesses who knew the fact, and yet neither he nor they were examined directly in reference to it. The court can feel but little security in acting upon inconclusive circumstances and presumptions, in the presence of the fact, that there was more satisfactory evidence, which would remove all just doubt, the party had the ability and opportunity to produce. A door for collusive divorces, against which the statutes have with caution interposed guards, would be opened, of which the wary and unscrupulous would not fail to take advantage.

Let the decree be affirmed.