# Davis v. Davis.

*Bill for Divorce on Ground of Voluntary Abandonment.*

[Decided Feb. 13th, 1902.]

1. *Divorce; voluntary abandonment; residence of parties; sections 1485, 1492 and 1494 of Code construed.*—Under section 1492 of the Code, a complainant, suing for divorce on the ground of voluntary abandonment by defendant, must allege and prove that complainant has been a *bona fide* resident of this State for three years next before the filing of the bill, and this, regardless of whether defendant is a resident or non-resident of the State; section 1494 not applying to such a case, and section 1485 of the Code relating to the *causes* or grounds for divorce, rather than to the *remedy.*

APPEAL from Elmore Chancery Court.

Heard before Hon. RICHARD B. KELLY.

The bill was filed by Alexander Davis against Annie Davis, and prayed a divorce *a vinculo matrimonii* on the ground of voluntary abandonment. The defendant was a non-resident. Complainant averred and proved that he had been a *bona fide* resident of this State for one year next preceding the filing of the bill. From a decree dismissing the bill complainant appeals.

EDWIN F. JONES, for appellant, argued that the cause was governed by section 1494 of the Code; that that section was applicable to all suits for divorce, regardless of the ground for divorce charged in the bill, where the defendant was a non-resident of the State; and that

section 1492 was applicable only where the defendant was a resident of the State.

No counsel appeared for appellee.

HARALSON, J.—Section 1492 of the Code is plain and unambiguous in its provision, that "no bill can be filed for divorce on the ground of voluntary abandonment, unless the party applying therefor, whether husband or wife, has *bona fide* been a resident of this State for the three years next before the filing of the bill, which must be alleged in the bill and proved." This section relates to the remedy, which is denied, unless the party applying for the divorce brings himself or herself within the terms of the statute. Section 1485, which bestows jurisdiction on courts of chancery to divorce persons for causes enumerated from 1 to 6, inclusive, the 3rd of which is, "for voluntary abandonment from bed and board for two years next preceding the filing of the bill," relates to causes for divorce and not to the remedy which is prescribed to be pursued in such cases. So, while it requires two years voluntary abanment, to constitute one of the causes for divorce, still a party entitled to divorce for voluntary abandonment by the other, cannot file a bill for this cause, unless he or she has been a *bona fide* resident of this State for three years next before the filing of the bill. This latter section has no reference to the filing of the bill for any other of the enumerated causes, except that for voluntary abandonment. As for all other causes, the bill may be immediately filed on the occurrence of the cause for divorce, except in the single instance of the defendant being a non-resident of the State, in which case, as is provided by section 1494, "the other party to the marriage [the complainant], must have been a *bona fide* resident of the State for one year next preceding the filing of the bill, which must be alleged and proved." There is no inconsistency between this and said section 1492. Each has its independent field of operation without reference to the other.—*Crossman v. Crossman,* 33 Ala. 486; *Hendrix v. Hendrix,* 72 Ala. 132.

This bill was filed by the husband against the wife for voluntary abandonment, and there is no averment nor proof, as to that, that the complainant has been a *bona fide* resident of this State for three years next before he filed his bill. There was no error in the decree dismissing the bill for this reason.

Affirmed.