(76 South. 431)

WRIGHT v. WRIGHT. (7 Div. 876.)

(Supreme Court of Alabama. June 21, 1917.)

1. DIVORCE ⬅91—PLEADING—RESIDENCE OF PARTIES.

Under Code 1907, § 3802, bill for divorce is bad on general demurrer, where it avers that defendant is a nonresident, but fails to show that complainant had been bona fide resident of state for one year next before filing of bill.

2. DIVORCE ⬅93(4)—PLEADING—GROUNDS.

Bill, which sets forth sufficient facts to entitle complainant to divorce on ground of cruelty, under Code 1907, § 3795, may properly aver fact of abandonment, not as distinct ground of divorce, but in connection with specific averments of cruelty, to which it lends weight.

3. DIVORCE ⬅203 — PLEADING — ALIMONY —AVERMENTS AS TO DEFENDANT'S PROPERTY.

Averments in bill for divorce, pointing out property out of which complainant's demand for alimony may be made, are proper, and should not be stricken.

Appeal from Circuit Court, Cherokee County; W. W. Whiteside, Judge.

Action by Nettie Wright against A. R. Wright, Jr. From decree for complainant, defendant appeals. Reversed and remanded.

Hugh Reed, of Center, for appellant. Hugh White, of Gadsden, for appellee.

SAYRE, J. [1] The general demurrer to complainant's (appellee's) bill should have been sustained. The bill averred that the defendant was a nonresident of this state, but failed to show that complainant had resided in this state for one year next before the filing of the bill. Section 3802 of the Code provides that:

"When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved."

The failure of the bill to show complainant's residence, as required by the statute, was a defect of substance, of jurisdiction, not of mere form (Martin v. Martin, 173 Ala. 106, 55 South. 632), and was sufficiently brought to the court's attention by the general demurrer (McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 South. 567). For the error in overruling the demurrer, the decree on the demurrer must be reversed.

[2] We think other objections against the bill, taken by specific assignments of grounds of demurrer and by the motion to strike paragraphs 5, 6, and 7, need not be noticed at great length. We do not construe the bill as seeking a divorce on the ground of abandonment, or, if that idea may have been entertained by the pleader, the bill as a bill on that ground was obviously insufficient. Complainant proceeded as for cruelty under section 3795 of the Code; the averments of her bill going, in our judgment, specifically enough into the details of the cruelty on account of which she claimed relief. It was not inappropriate that the complainant should aver the fact of abandonment, not as a distinct ground of divorce, but in connection with specific averments of cruelty, to which it lent weight and color. "When a bill truly sets forth sufficient facts to entitle complainant to relief, the pleader may or may not, at his option, aver additional, cumulative, facts, which only intensify, without varying the principle of, the relief claimed." Noble v. Moses Bros., 81 Ala. 548, 1 South. 230, 60 Am. Rep. 175.

[3] Complainant claims alimony, both temporary and permanent. By specific averments she has pointed out the property out of which her demand for alimony may be made. We see no objection to the bill on this account, nor any reason why these averments should be stricken.

For the error pointed out, the decree must be reversed, and, that complainant may have an opportunity to amend, the cause will be remanded, for such orders in the premises as

may seem just and meet to the judge of the circuit court sitting in equity.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.