(82 South. 22)

### GILLILAND MERCANTILE CO. v. SINCLAIR et al.  (7 Div. 994.)

(Supreme Court of Alabama.  May 15, 1919.)

1. EQUITY ☞204 — CROSS-BILL — NOTICE TO COMPLAINANTS.

In view of Code 1907, § 3118, making it unnecessary to issue summons to original complainants to answer cross-bill, the filing of the cross-bill was ipso facto a summons; and, where all of cross-respondents defaulted, decree pro confesso was properly entered on the cross-bill without further notice, and thereafter cross-complainant's depositions properly taken without serving copies of interrogatories on cross-respondents or notifying them of taking of the testimony.

2. EQUITY ☞422—DECREE PRO CONFESSO—FINAL DECREE.

Where decree pro confesso was properly entered on cross-bill, depositions thereafter

properly taken, and request for final decree, complying in all respects with Gen. Acts 1915, p. 606, made, final decree was properly rendered.

**3. DISMISSAL AND NONSUIT ☞80 — AS TO CROSS-COMPLAINANT—EFFECT.**

In suit by junior mortgagees to foreclose a mortgage, senior mortgagee's cross-bill necessarily involved equity of original bill as against him, but not against mortgagors, and decree of dismissal as to cross-complainant leaves original bill pending against mortgagors who were made respondents thereto.

**4. MORTGAGES ☞418—JUNIOR MORTGAGEES' RIGHT TO COMPEL FORECLOSURE.**

Complainants as junior mortgagees could not maintain against senior mortgagee their bill containing no offer to redeem, but praying only that the amount due on the senior mortgage be ascertained, so that they could redeem "if they saw fit to do so," and, if they did not desire to pay it all, that the land be sold and the proceeds applied first to the senior mortgage and the remainder to complainants' claims.

**5. MORTGAGES ☞581(6)—FORECLOSURE—ATTORNEY'S FEES.**

Since cross-complainant's mortgage provides for payment of all lawyer's fees and costs and expenses incident to foreclosure suit, and cross-bill claims a reasonable attorney's fee and $50 for incidental expenses, the trial court did not err in allowing an attorney's fee of more than $50.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

Bill by G. S. Gilliland and others as partners doing business under the business name of the Gilliland Mercantile Company against A. C. Sinclair and others to foreclose a mortgage. From the decree rendered, the complainant appeals. Affirmed.

The bill shows that the respondents the Sinclairs and Lanthrips executed a mortgage on certain land to complainant, and further shows that the respondent Irvin owns a prior mortgage on said land to secure the delivery of 1,600 pounds of lint cotton, a part of which the bill charges to have been paid. With respect to this mortgage the prayer is that the amount due thereon be ascertained so as to give the complainants the privilege of paying it off if they see fit to do so, and, if they do not desire to pay it all, that the land be sold and the proceeds first applied to the Irvin mortgage and the remainder to the said claims of complainant. The prior mortgage to Irvin contains the following provision:

"If any suit is brought upon the note or notes secured by this mortgage, or upon this mortgage for the foreclosure thereof, or if any suit is brought on account of this mortgage against the holder thereof, then it is agreed that all lawyer's fees and all costs and expenses incident to such a suit on a foreclosure, or the defense of any suit against the said holder, * * * the undersigned agree to pay the same. * * *"

The original bill was filed on May 30, 1917, and on June 26, 1917, respondent Irvin filed his answer and cross-bill, asserting his ownership of the said mortgage, averring that no cotton was ever delivered thereunder nor anything paid, and that the amount due thereon was $128 at maturity. It is further averred that cross-complainant was compelled to employ an attorney at a reasonable compensation, and that he has incurred and expended $50 in reasonable and necessary expenses in an effort to collect the amount due him in said mortgage. The original complainants and the several corespondents were made parties respondent to the cross-bill. The prayer is for a foreclosure of cross-complainant's said mortgage. On February 4, 1918, none of the cross-respondents having answered the cross-bill, and motion having been duly made therefor, a decree pro confesso was allowed and entered by the register as against all the cross-respondents. On the same day, the commission was issued for taking the testimony of cross-complainant's witnesses, and their depositions were taken and returned on February 15, 1918. On February 18, 1918, on the application of the solicitor of cross-complainant, the cause was submitted by the register to the circuit judge for decree and vacation and a final decree was thereupon entered, directing a foreclosure as prayed and allowing solicitor's fee of $100.

Riddle & Riddle, of Talladega, for appellant.

R. B. Kelly, of Birmingham, for appellees.

SOMERVILLE, J. [1] It was not necessary to issue a summons to the original complainants to answer the cross-bill. Code, § 3118. The filing of the cross-bill was, ipso facto, a summons, and, all of the cross-respondents being in default on January 28, 1918, the decree pro confesso was properly entered on the cross-bill on that date, without further notice. Thereafter cross-complainant's depositions were properly taken without serving copies of interrogatories on the cross-respondents, or notifying them of the taking of the testimony. Court Rules of Practice 61, Code, p. 1545.

[2] The request for submission for final decree was in all respects in accordance with the provisions and requirements of the act of September 17, 1915 (Acts 1915, p. 606). The record shows a note of submission embracing the pleadings, decree pro confesso, and the depositions supporting the allegations of the cross-bill, and the final decree was properly rendered.

[3] While the submission was primarily upon the cross-bill, the issues necessarily

involved the equity of the original bill as against the cross-complainant; and relief under the cross-bill involved as of course the dismissal of the original bill as to the cross-complainant. We presume that the trial court intended the decree of dismissal to dispose of the original bill only in so far as the cross-complainant was concerned, since the submission for final decree was necessarily thus limited, and did not involve the rights asserted by the junior mortgagee against the mortgagors. Hence the decree of dismissal leaves the original bill still pending as against the mortgagors who were made respondents thereto.

[4] The dismissal of the original bill in this case did not require the dismissal of the cross-bill, which is based upon an independent equity, although the original bill was clearly without equity as to the senior mortgagee, the cross-complainant. Wilkinson v. Roper, 74 Ala. 140. It is true that the complainants, as junior mortgagees, could have maintained their bill against the senior mortgagee for redemption, but the bill contained no offer to redeem; and it could not be maintained merely for the purpose of ascertaining the amount of the senior mortgage debt, so that the complainants could redeem "if they saw fit to do so." Mims v. Cobbs, 110 Ala. 577, 582, 18 South. 309.

[5] Cross-complainant's mortgage provides for the payment of "all lawyer's fees, and all costs and expenses" incident to a suit for foreclosure. The cross-bill very clearly claims a reasonable attorney's fee, and $50 for incidental expenses, and the trial court did not err in allowing an attorney's fee of more than $50.

We find no error in the record, and the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.