(97 South. 66)

### COOPER v. COOPER.　(6 Div. 824.)

(Supreme Court of Alabama.　June 7, 1923.)

**1. Divorce ⬅91 — Failure of bill to show claimant's residence is defect of substance.**

Under Code 1907, § 3802, the failure of a bill for divorce to show complainant's residence is a defect of substance, of jurisdiction, and not of mere form.

**2. Divorce ⬅101—Jurisdictional facts must be averred in cross-bill.**

Under Code 1907, § 3118, a cross-bill in suit for divorce must be considered as if it were an original bill, and the jurisdictional facts must be averred.

**3. Divorce ⬅104—Amended bill controverting allegations of cross-bill interposes defenses to cross-bill; "defense interposed."**

Where no answer had been filed to a cross-bill for divorce, but the matter therein had been controverted by the original bill as last amended, to which no pleading had been filed by the respondents, one of whom was claimant in the cross-bill, and the time for pleading thereto had not expired by operation of law, there was a defense interposed with a cross-bill within Act Sept. 17, 1915 (Laws 1915, p. 606), amending Code 1907, § 3164, prescribing procedure if no defense has been interposed.

**4. Divorce ⬅160—Decree pro confesso on cross-bill held erroneous.**

Where the cross-bill for divorce failed to show residence of the parties sufficiently to give the court jurisdiction, when standing alone, and the original bill as amended was not at issue when it was dismissed and the decree on the cross-bill rendered, a decree pro confesso on the cross-bill was erroneous.

**5. Mandamus ⬅53—Not issued to compel vacation of decree pro confesso which has been reversed on appeal.**

A writ of mandamus will not be issued to vacate a decree pro confesso rendered on a cross-bill for divorce, which failed to show the jurisdictional facts, where that decree had been reversed and the cause remanded for further pleading and proof, under which there would be opportunity for pleading and proof under the bill as amended as well as under the cross-bill.

**6. Appeal and error ⬅165 — Appeal is not waived by motion seeking same relief.**

An appeal from a decree on a cross-bill was not waived by appellant's motion to set aside the decree, since the motion was not inconsistent with the pendency of the appeal.

**7. Courts ⬅511—Courts will not administer laws so as to conflict with jurisdiction of courts of other states.**

The courts will so administer the divorce laws as not unnecessarily to precipitate a conflict of jurisdiction with courts of other states in which, according to the cross-bill, the parties resided.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill for divorce and custody of child by D. B. Cooper against Ida Lou Cooper and cross-bill by Ida Lou Cooper. From a decree dismissing the original bill and granting relief to respondent on her cross-bill, complainant appeals. Reversed and remanded.

G. M. Edmonds and C. E. Wilder, both of Birmingham, for appellant.

Jurisdiction is necessary before a valid decree pro confesso can be entered. It cannot be conferred by consent of the parties, or by estoppel, and the want of it may be raised for the first time on appeal. 21 C. J. 791; Karthaus v. Ry. Co., 140 Ala. 433, 37 South. 268; 15 C. J. 802, 840; Woolf v. McGaugh, 175 Ala. 299, 57 South. 754; Harrison v. Harrison, 20 Ala. 629, 56 Am. Dec. 227; Henderson v. Hall, 134 Ala. 455, 32 South. 840, 63 L. R. A. 673; Flewellen v. Crane, 58 Ala. 627; Code 1907, § 3802.

Clark Williams, of Birmingham, for appellee.

One invoking the jurisdiction of a court will not be heard to question it. Tygh v. Dolan, 95 Ala. 269, 10 South. 837; Powell v. Boon, 43 Ala. 459. Objection to jurisdiction comes too late after trial. Tubb v. Foote, 58 Ala. 277; Christian v. Coleman, 125 Ala. 158, 27 South. 786. Where the jurisdiction of a court is objected to, it is not sufficient to state in mere general terms a denial of the court's jurisdiction. 31 Cyc. 57; 23 Cyc. 1571. A general or voluntary appearance is equivalent to service of process and confers jurisdiction. Tyson v. Chestnut, 118 Ala.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

387, 24 South. 73; Hunt's Heirs v. Ellison's Heirs, 32 Ala. 173; Johnston v. Shaw, 31 Ala. 592; Iron Age Pub. Co. v. W. U. Tel. Co., 83 Ala. 498, 3 South. 449, 3 Am. St. Rep. 758; 3 Mayf. Dig. 1195.

THOMAS, J. [1] In Wright v. Wright, 200 Ala. 489, 76 South. 431, this court declared of the statute (Code 1907, § 3802), that the failure of the bill to show complainant's residence was a defect of substance, of jurisdiction, and not of mere form. Martin v. Martin, 173 Ala. 106, 55 South. 632; Smith v. Gibson, 191 Ala. 305, 68 South. 143. Such defect may be sufficiently brought to the court's attention by the general demurrer. McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 South. 567; Whiteman v. Taber, 203 Ala. 496, 500, 83 South. 595; Seeberg v. Norville, 204 Ala. 20, 85 South. 505; Burgin v. Sugg, 204 Ala. 270, 85 South. 533.

[2] A cross-bill must be considered as if it were an original bill, and jurisdictional facts must be averred. Code 1907, § 3118; Haralson v. Whitcomb, 200 Ala. 165, 75 South. 913; Ex parte Lavender, 207 Ala. 666, 93 South. 661. Had, then, the court jurisdiction to enter the decree on the averment of the cross-bill alleging that the complainant in the cross-bill was, a resident of the state of Georgia, and that the respondent in the cross-bill resided in Gate City, in the state of Virginia? The note of submission was:

"This cause was submitted in behalf of complainant upon bill of complaint as amended and in behalf of respondent upon her answer and cross-bill, decree pro confesso, and testimony of Ida Lou Cooper and Mrs. B. M. Holcombe."

The decree of date September 27, 1922, recites the like submission for final "decree on cross-bill," and the bill as amended is "dismissed"; "respondent and cross-complainant is (held) entitled to the relief prayed for in her said cross-bill"; the bonds of matrimony between the parties "are hereby dissolved" on grounds of cruelty of the husband; and "it is further ordered, adjudged, and decreed by the court that the care, custody, and control of Doris Cooper, the minor child of complainant and cross-respondent and respondent and cross-complainant, be and hereby is awarded to the respondent and cross-complainant, the mother."

There was a motion to set aside the decree pro confesso against complainant in original bill and respondent in cross-bill and the final decree on grounds that—

"On the 15th day of August, 1922, said respondent was served with process in said cause in Birmingham, Ala. On the 24th day of August, 1922, said respondent filed in said court her demurrer and answer to complainant's bill of complaint, and prayed among other things that said answer be considered as a cross-bill. On the motion of respondent the court made and entered an order in said cause, without notice to the complainant or his counsel of record, ordering and directing the complainant to be present and produce in the court on September 8, 1922, the minor child, Doris Cooper, for the purpose of determining the temporary custody of said child pending litigation. On September 6, 1922, complainant filed in this (that) court a motion which was properly served on the solicitor for respondent, moving the court to set aside the order of August 24, 1922, said motion being called up for hearing September 7, 1922, and which on motion of respondent's solicitor went over to September 8, 1922, on which motion no order has been made and is now pending. On September 8, 1922, upon hearing of motion filed August 24, 1922, of respondent to compel complainant to give security for court costs, *alleging the nonresidence of the complainant*, the complainant was ordered to give security for court costs, which complainant has done. That said motion of complainant filed September 6, 1922, touching temporary custody of child (order and decree by the court made on the 24th day of August, 1922), was still pending and unheard when on the 26th day of September, 1922, the register of this court entered a decree pro confesso against the complainant on the cross-bill of respondent. That on the 6th day of September, 1922, the complainant amended his bill of complaint and on that date filed the same in open court, adding a new party co-respondent in said cause. That said bill of complaint as amended has not yet been answered by the respondents." (Italics supplied.)

It was further averred:

That on September 26, 1922, the decree pro confesso "on respondent's original cross-bill was by the register of this court entered and a commissioner appointed to take oral testimony of respondent and one other witness in respondent's behalf"; that "on the 27th day of September, 1922, said respondent had a submission of said cause, without notice to the complainant or his counsel, upon which the complainant's bill of complaint as amended September 6, 1922, was by the court then and there dismissed, and, without complainant having had opportunity of being heard thereon, the respondent was granted a divorce from the complainant and control and custody of complainant's minor child, Doris Cooper; that upon the presentation of said motion September 8, 1922, touching temporary custody of said child, said child not being in court, your honor stated in open court that the court would not hear the matter touching temporary custody of the child until complainant brings the child within the jurisdiction of the court, upon which the solicitors for the complainant offered to have the child in court at any time the court would order the cause set for hearing; the matter was then passed up pending the giving of security for court costs by complainant, which complainant did in compliance with said order of the court"; that "the solicitor of record for respondent procured a submission of said cause upon and after decree pro confesso, without first filing a request to do so in writing, as required by section 3164 of 1907 Code of Alabama" (Gen. Acts 1915, p. 606)'; that "said testimony shows on its face that the court was without jurisdiction to grant said decree in favor of respondent and against the

complainant on her cross-bill"; and that "said decree of divorce is void, because the court was without jurisdiction to hear and determine said cause on respondent's cross-bill."

The following is a statutory provision of the act approved September 17, 1915:

"That section 3164 of the Code as amended by an act approved April 21, 1911, be, and the the same hereby is amended so as to read as follows, to wit: 3164. Decree after decree pro confesso is taken in term time or vacation. Whenever a decree pro confesso is taken in any cause in the chancery court or courts exercising chancery jurisdiction, and the evidence has been taken and the cause is ready for submission for final decree, *and the complainant or his solicitor of record, if no defense has been interposed, shall file a written request with the register or clerk* of the court where the cause is pending that the cause be submitted for final decree, and shall make out his note of testimony, the register or clerk shall at once deliver all papers in said cause in term time or vacation to the chancellor or judge, and he shall, as soon as practicable, render a final decree in said cause." Gen. Acts 1915, p. 606. (Italics supplied.)

In Gilliland Merc. Co. v. Sinclair, 203 Ala. 62, 82 South. 22 (where the case was litigated), the amended statute was adverted to as follows:

"The request for submission for final decree was in all respects in accordance with the provisions and requirements of the act of September 17, 1915 (Acts 1915, p. 606). The record shows a note of submission embracing the pleadings, decree pro confesso, and the depositions supporting the allegations of the cross-bill, and the final decree was properly rendered.

"While the submission was primarily upon the cross-bill, the issues necessarily involved the equity of the original bill as against the cross-complainant; and relief under the cross-bill involved as of course the dismissal of the original bill as to the cross-complainant."

[3] If the statute had application to a litigated case, the record fails to disclose that there was filed such written request with the register or clerk of the court on behalf of complainant for final decree in the case, where no defense has been interposed to the cross-bill. In this latter aspect, however, while no answer (as such) had been filed to the cross-bill, there was "defense interposed" in the sense that the whole question was controverted by the original bill as last amended, and to which cross-complainant was a party; no pleading had been filed by respondents therein, one of whom was the complainant to the amended bill in the cross-bill, and the time for pleading had not ex-

pired by operation of law. Terry's Local Laws of Jefferson County, pp. 363, 365, 377; Gen. Acts 1915, p. 279.

[4] If the averment of the cross-bill as to residence be taken alone, the Alabama courts had no jurisdiction; if it be referred to the original bill as amended, the same was not at issue when the bill was dismissed and decree on the cross-bill rendered.

The decree of the circuit court in equity is reversed, and the cause is remanded for further pleading and proof as may be appropriate and deemed advisable in the premises.

[5] In connection with the submission of this appeal, and to be heard with it, there was submitted an application for mandamus to require the vacation of the decree indicated; there is no necessity for further proceedings to vacate, since the reversal of the decree, as we have indicated, is sufficient to give opportunity for pleading and proof under the bill as amended, the cross-bill, and for compliance with the court's orders for the production of the infant, or for a full hearing on the question of jurisdiction of the court if the residences of the parties is that of nonresidents, as averred in the cross-bill.

[6] In Winn v. Dillard, 60 Ala. 369, it was held that a defendant in chancery, having prayed appeal from an "interlocutory decree overruling a demurrer to the bill, who files answer and cross-bill before the return of the appeal to this court," a step inconsistent with the pendency of the appeal from the decree overruling the demurrer and requiring him to answer, waived the appeal, and such appeal "will be dismissed on motion." Such is not the status presented by the ruling, appeal, and motion in question. The action was not inconsistent with the pendency of the appeal. The same action of the lower court was challenged by the appeal, and the motion averred the nonresidence of the parties as set out in the cross-bill and petition for mandamus. This is in harmony with the analogy found in Howison v. Baird, 138 Ala. 129, 132, 35 South. 62.

[7] We may observe by the way that, however this may be, the courts of this state will so administer the laws as not unnecessarily to precipitate a conflict of jurisdiction with courts of other states, viz., Virginia, where the cross-bill avers the respondent in the cross-bill (D. B. Cooper) and the child, Doris, reside, and Georgia, where the complainant in the cross-bill is averred to reside. The motion submitted on April 17, 1923, is overruled.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.