17 So.2d 666

**BELL v. BELL.**

**6 Div. 148.**

Supreme Court of Alabama.

April 20, 1944.

---

[1] Ante, p. 326.

Jas. G. Adams, Jr., of Birmingham, for appellant.

**480**

F. D. McArthur, of Birmingham, amicus curiae, for appellee.

LIVINGSTON, Justice.

Appeal from a decree of the Circuit Court of Jefferson County, Alabama, in equity, granting a divorce—the relief prayed for in the cross-bill of Wallace Bell.

The appellant, Ruther Mae Bell, filed her bill of complaint in the Circuit Court, in Equity, of Jefferson County, on February 7, 1942, seeking a divorce, temporary and permanent alimony and solicitor's fees, from appellee, Wallace Bell, on the ground of adultery. On April 6, 1942, the court confirmed a report of the register, fixing $4 per week as temporary alimony, and $25 as solicitor's fee. Except for the issuance of several writs of garnishment to force the payment of temporary alimony, the status of the case remained unchanged until November 14, 1942, when appellee answered the bill of complaint, denied the charge of adultery, made his answer a cross-bill, and charged appellant with voluntary abandonment, praying for a divorce on that ground.

As stated in brief of appellant's counsel "the complainant had learned that her husband, the respondent Wallace Bell, was about to be inducted in the Army. She suffered and allowed the court to dismiss the bill of complaint on the regular call of the printed docket, and the court did on the 18th day of November, 1942, through Hon. E. M. Creel, Judge, enter an order dismissing the bill of complaint."

On January 15, 1943, on motion of appellee's counsel, a decree pro confesso was entered on the cross-bill. On January 21, 1943, the testimony of appellee and witnesses Catherine Milligan and Mary Williams was taken before E. M. Stevens, commissioner, appointed for that purpose. On January 26, 1943, the testimony was published, and the cause submitted for final decree. On March 17, 1943, the cross-bill was amended, and on that day

the decree appealed from, granting the relief prayed for in the cross-bill, was made and entered.

Appellant insists that the dismissal of the bill of complaint on November 18, 1942, carried with it the cross-bill.

The cross-bill as filed on November 14, 1942, did not allege that Wallace Bell had been a bona fide resident citizen of this State for twelve months next preceding the filing of the cross-bill.

We are mindful of the fact that jurisdiction of divorce cases in equity is statutory and limited, and not general: that the jurisdictional facts must appear. A cross-bill must be considered as if it were an original bill in this respect. Phillips v. Ashworth, 220 Ala. 237, 124 So. 519; Wright v. Wright, 200 Ala. 489, 76 So. 431; Cooper v. Cooper, 210 Ala. 13, 97 So. 66; section 27, Title 34, Code of 1940. The cross-bill was therefore subject to a general demurrer on the date the original bill was dismissed. Did the cross-bill necessarily go with it?

It was said in Anders v. Sandlin et al., 191 Ala. 158, 67 So. 684, 687: "It is the general rule, established by the decisions of this court, that a cross-bill which shows no equitable relief growing out of the subject-matter of the original bill, and which has no independent equity which would sustain the jurisdiction of the court, is carried out by the dismissal of the original bill."

And in Ex parte Burch, 236 Ala. 662, 184 So. 694, 696, it was further held: "The general rule is, that when the original bill is dismissed, the cross bill goes with it. But when the 'averments of the cross bill relate to and spring out of the subject matter embraced in the original bill, when such cross bill prays affirmative relief, which is equitable in its character, and which requires a cross bill for its presentation,' the dismissal of the original bill would not carry the cross bill with it."

Section 27, Title 34, Code of 1940, providing that, in divorce suits grounded on voluntary abandonment, the complaining party must allege and prove that he or she was a resident citizen of this State for twelve months next preceding the filing of the bill, relates to the remedy which is denied, unless the party applying for the divorce brings himself within the terms of the statute. Subdivision 3 of section 20, Title 34, Code of 1940,

providing for a divorce "for voluntary abandonment from bed and board for two years next preceding the filing of the bill," relates to causes for divorce, and not to the remedy which is prescribed to be pursued in such cases. Davis v. Davis, 132 Ala. 219, 31 So. 473.

Our cases do not hold that because a cross-bill is subject to a general demurrer for the want of allegations in respect to the remedy, the dismissal of the bill carries the cross-bill with it.

■ In the instant case, the averments of the cross-bill relate to and spring out of the subject-matter embraced in the original bill: it prays affirmative relief, which is equitable in its character, and which requires a cross-bill for its presentation. Therefore, under the rules in this State, the dismissal of the bill of complaint did not carry the cross-bill with it.

After decree pro confesso, appellee (before final decree) amended his cross-bill, alleging "and respondent and cross-complainant alleges that he has been a bona fide resident of the State of Alabama for more than one year next before the original bill of complaint was filed in this cause and the filing of the cross-bill."

■ Section 7414, Code of 1923 (now section 27, Title 34, Code of 1940), was amended by the Legislature in 1933 by inserting the word "citizen" following the word "resident." And it is insisted that the amendment of the cross-bill is insufficient in that the word "citizen" does not follow the word "resident". We consider such a construction too technical. The adoption in the pleading of the exact terms of the statute in this regard is not essential. It is sufficient if the averments convey the same idea in equivalent terms. Martin v. Martin, 173 Ala. 106, 55 So. 632.

■ Under Equity Rule 26, Code of 1940, Tit. 7, Appendix, page 1065, it was not necessary in the instant case to give notice of the cross-bill.

■ The decree pro confesso was lawfully taken, and no notice of the amendment to the cross-bill was required. Equity Rule 28, subsection (g).

The case is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN, FOSTER, and STAKELY, JJ., concur.