19 So.2d 353

### PENN v. PENN.
### 7 Div. 760.

Supreme Court of Alabama.

Oct. 5, 1944.

Rains & Rains, of Gadsden, for appellant.

Robinson & Parris, of Gadsden, for appellee.

LIVINGSTON, Justice.

The original bill in this cause was filed by George Penn, the husband, against Carrie Penn, the .wife, praying for a divorce on the ground of voluntary abandonment. The wife answered, made her answer a cross-bill, and prayed for a divorce on the ground of cruelty, temporary alimony and solicitor's fees and permanent alimony.

Upon submission, the trial court made and entered a decree denying the relief sought by the original bill and dismissing the bill. The decree also refused the relief sought by the cross-bill and dismissed it, "save and except as to the prayer for permanent alimony and a reasonable solicitor's fee to be paid to her attorney of record." Permanent alimony was fixed at $5 per month, payable monthly, and the solicitor's fee at $25.

The trial court properly denied the relief prayed for by complainant husband, George Penn, and dismissed the bill,—for the reason that he failed to allege and prove that he had been a bona fide resident citizen of this State for twelve months next preceding the filing of the bill, as is required by section 27, Title 34, Code of 1940. This requirement is jurisdictional. Davis v. Davis, 132 Ala. 219, 31 So. 473.

But it relates to the remedy only,—Bell v. Bell, 245 Ala. 478, 17 So.2d 666,—and the bill should be dismissed without prejudice. To that extent the decree is corrected.

We are also in full accord with the finding of the trial court to the effect that Carrie Penn failed to meet the burden of proof cast by her allegation of cruelty on the part of George Penn.

Solicitor's fees, in the absence of statute, are usually allowed as expense money on like principles as alimony pendente lite. Ex parte Smith, 34 Ala. 455; Ex parte Austin, 245 Ala. 22, 15 So.2d 710. Having no statute, such allowance has been often held within the sound judicial discretion of the court. Ex parte Austin, supra; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Ex parte Harris, 228 Ala. 88, 152 So. 449. Under the circumstances here presented, that part of the trial court's decree awarding solicitor's fees is due to be and is affirmed.

But that part of the trial court's decree awarding respondent and cross-complainant permanent alimony must be reversed.

As pointed out in the case of Norrell v. Norrell, 241 Ala. 170, 1 So.2d 654, and reaffirmed in Searcy v. Searcy, 242 Ala. 129, 5 So.2d 97, there is no jurisdiction in the court to grant "permanent alimony" without a divorce. A court of equity has jurisdiction to make an allowance for separate maintenance without a divorce either sought or granted; but permanent alimony is inconsistent with the sustained relation of the marriage status.

Corrected and affirmed in part, and in part reversed and remanded.

THOMAS, FOSTER, STAKELY, and SIMPSON, JJ., concur.