WRIGHT, Presiding Judge.
This is a divorce contest.
Delma Ann Williams, wife, and Terry David Williams, husband, were married in Columbia, South Carolina, February 5, 1982, while husband was on military leave from his assignment in Germany. Wife was a life-long resident of Alabama until approximately two years prior to the marriage, when she went to South Carolina to be near her future husband, then stationed at Fort Jackson, South Carolina. Husband’s permanent residence is North Carolina.
Following the marriage of the parties, husband returned to his then duty station in Germany, and wife returned to her home, Ozark, Alabama. On December 22, 1983, wife filed for divorce in Dale County Circuit Court, seeking relief by personal judgment against husband for alimony, a division of property, assumption of debts and attorney fees. Husband was served by certified mail at his off-post address in Tacoma, Washington, on December 29, 1983, and at his duty assignment address at Fort Lewis, Washington on January 5, 1984. Husband by special appearance filed a motion to dismiss, asserting lack of jurisdiction of the subject matter and over the person of husband. Husband subsequently filed this petition for writ of mandamus with this court.
The issue husband raises by mandamus is whether the trial court has in personam jurisdiction over husband.
Rights sought to be enforced by a writ of mandamus must be clear and certain with no reasonable basis for controversy about the right to relief, as a writ will not issue where the right in question is doubtful. Ex parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala.1981). Though husband’s motion to dismiss alleged both a lack of subject matter jurisdiction and personal jurisdiction, the trial court did not specify whether its denial was based on one or both of the grounds alleged. In his petition for mandamus the husband only raised one of the grounds. Even if the court determined it had no personal jurisdiction over husband, it could still proceed to entertain wife’s complaint based on in rem jurisdiction, if she met the jurisdictional residency requirements under § 30-2-5, Code of Alabama 1975. See Sachs v. Sachs, 278 Ala. 464, 179 So.2d 46 (1965).
The supporting affidavits submitted by both parties contain conflicting statements, both with regard to whether husband had sufficient minimum contacts with the State of Alabama to warrant in person-am jurisdiction [See, International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Ex parte Brislawn, 443 So.2d 32 (Ala.1983)], and with regard to whether wife had been a bona fide resident of Alabama for six months next before filing of her divorce complaint. That wife merely alleges such residency does not satisfy § 30-2-5 of the Code, Wright v. Wright, 200 Ala. 489, 76 So. 431 (1917); rather, residency is a mixed question of law and fact depending upon the bona fide intention of the party. Caheen v. Caheen, 233 Ala. 494, 172 So. 618 (1937).
Thus, in this case since there are conflicting affidavits regarding the existence of in rem and in personam jurisdiction, and husband has not shown in his petition a clear and uncontroverted right as a matter of law to the relief sought, his writ must be denied.
We note that after hearing the evidence the trial court may determine whether it *85 has either in rem or in personam jurisdiction and dismiss all or part of the suit accordingly, which decision husband or wife may then challenge through the appropriate appeals procedure. Generally, a writ of mandamus will not be granted if the matter complained of can be raised on appeal. Ex -parte Furnace and Corrosive Services, Inc., 418 So.2d 891 (Ala.1982). A party may raise a challenge to jurisdiction at any point in a proceeding, even for the first time on appeal. Thus, husband is not left without adequate remedy, though his writ is denied.
WRIT DENIED.
BRADLEY and HOLMES, JJ., concur.