THIGPEN, Judge.
This is a divorce case.
Elmer Kilpatrick (wife) filed a complaint for divorce from Alonzo Kilpatrick (husband) in Mobile County. The husband filed a motion to dismiss alleging that the wife was not a resident of Alabama, but a resident of Florida. After an ore tenus proceeding, the trial court dismissed the wife’s complaint due to the court “not being reasonably satisfied from the evidence” that *1386 the wife is a resident of Alabama. She appeals.
The dispositive issue as raised by the wife is whether the trial court erred in dismissing the wife’s complaint for divorce on the grounds that the trial court was not reasonably satisfied she was a bona fide resident of Alabama.
The wife contends on appeal that she is a resident of Mobile and that there was evidence before the trial court establishing such.
At the outset, we note that where evidence is presented ore tenus, this court will not disturb a lower court’s findings unless they are palpably wrong, without supporting evidence, or manifestly unjust. Pinkston v. Hartley, 511 So.2d 168 (Ala.1987).
Section 30-2-5, Ala.Code 1975, requires that a plaintiff in a divorce action be a bona fide resident of Alabama when the defendant is a nonresident. If the residency requirement is not met, the trial court has no jurisdiction to proceed. Chavis v. Chavis, 394 So.2d 54 (Ala.Civ.App.1981). Residency is a mixed question of law and fact depending upon the bona fide intentions of the party and mere allegations are not enough. Ex parte Williams, 456 So.2d 83 (Ala.Civ.App.1984).
Our review of the record reveals certain pertinent facts which support the trial court’s judgment. The wife is over eighty years old. She testified that she lived in different places and had been staying in her home in Mobile for an uncertain period of time. She testified that she did not remember filing for divorce. The husband testified that he was fifty-five years old and had been living in Miami with his wife for about twenty-five years. Although he testified that she had stayed in the home in Mobile earlier in the year, there was no evidence indicating how long she had stayed in the Mobile home, or that she considered it her residence. There was no testimony regarding her intentions to consider leaving Miami, or to make Mobile, or anywhere in Alabama, her home.
The record contains some evidence supporting both parties’ contentions. The judgment of the trial court carries a presumption of correctness that is supported by the evidence and we will not disturb it on appeal. Accordingly, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.