# Oxford Iron Company v. Spradley.

*Action on Promissory Note, by Payee against Maker.*

1. *Promissory note for money loaned to company manufacturing iron for Confederate States.* — A promissory note, given for money (or other notes) loaned to a company engaged in the manufacture of iron for the late Confederate States for military purposes, is without legal consideration, and no recovery can be had on it, if the lender knew at the time that the funds borrowed were to be used in aid of the illegal business of the company; but, if it is shown that the company was also engaged in other business, which was not illegal, and the loan was made in a general way, without any reference to the illegal business, mere knowledge on the part of the lender that the company was engaged in an illegal business, and that it might

[Oxford Iron Company v. Spradley.]

possibly or probably use the funds obtained from him in advancing that illegal business, would not prevent a recovery by him.

2. *Unstamped note ; admissibility as evidence.* — A promissory note executed in this State in 1863, and on which the suit is founded, is admissible evidence, although no internal revenue stamp is affixed to it, if no intentional evasion of the stamp duty is shown.

3. *To what witness may testify.* — A party, testifying for himself, cannot be permitted to state the *intention* with which he entered into a contract.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. W. L. WHITLOCK.

This action was commenced on the 16th January, 1866, and was founded on a promissory note, of which the following is a copy : —

" OXFORD IRON WORKS, *April 7th,* 1863.

" $1540.　On demand, we promise to pay to M. D. C. Spradley, or order, one thousand five hundred and forty dollars, for value received, with interest at the rate of eight per cent. *per annum.*　　　　" OXFORD IRON COMPANY,

"*Per* Richard L. Campbell, *President.*"

The case was before this court at its June term, 1871, when the judgment was reversed, and the cause remanded.　See the report, 46 Ala. 98–107.　The cause was tried on issue joined on the pleas of *non assumpsit,* want of consideration, failure of consideration, and illegality of consideration.　On the trial, as appears from the bill of exceptions, the plaintiff testified for himself, and the other testimony adduced by him tended to show, that the note was given for a note which he held on W. B. Haralson in Selma, which Haralson was anxious to pay, and which he loaned to the defendant, to be collected and used as the company might choose in and about its business ; while the defendant's witnesses testified, in substance, that the note on Haralson had already been collected by one Knox, as the agent of the plaintiff, in Confederate currency, and that the loan of this currency was the consideration of the note.　At that time, the said company was engaged in the construction of its iron works, and in the manufacture of iron, principally for the use of the Confederate States government for military purposes.　That government had loaned it from seventy-five to eighty thousand dollars, to enable it to complete and carry on its works ; and the defendant was in its service and employment as a workman, being detailed for that purpose by the government, as the president of the company testified.

" When the plaintiff proposed to read the note in evidence," as the bill of exceptions states, " the defendant objected to its admission, on the ground that it was not stamped as required by the laws of the United States ; and it appeared that said note did not have any stamp at all upon it, and never had been

VOL. LI.

stamped as required by the internal revenue laws of the United States. The court overruled the objection, and allowed the note to be read in evidence, to which the defendant excepted."

" While the plaintiff was on the stand as a witness for himself, his counsel asked him, what motives or purposes induced him to let the company have the note on Haralson; to which question the defendant objected, because (1st) it called for a conclusion of the witness, and not the statement of a fact by him ; and because (2d) the intention must be found by the jury from other facts and circumstances, and it is an invasion of the province of the jury to permit the party to testify as to his intentions. The court overruled the objection, and allowed the witness to answer the question; and the plaintiff stated, in reply,— 1st, that he wanted the company to have the note, because the company was good, and the debt would be nearer to him, where he could watch it ; 2d, that he wanted the debt secure, so that he could get the interest on it ; and, 3d, that he did not remember any other motive or purpose in parting with the note. The defendant objected to these several answers of the witness, and moved the court to exclude them ; but the court overruled the objection, and the defendant excepted."

Several other exceptions were reserved by the defendant to the rulings of the court on questions of evidence, which require no particular notice. The defendant requested nine charges in writing, all of which the court refused to give as asked, but gave some of them with qualifications. The first three charges related to the power of Campbell, as president, to bind the company by the loan of money and the execution of the note sued on ; and these charges are not noticed in the opinion of this court. The other charges were as follows : —

" 4. If the plaintiff loaned money, or a note on W. B. Haralson, to the defendant, with a knowledge that the money, or the proceeds of the note, was desired by the defendant to enable it to erect iron works, to manufacture iron for the Confederate States government, to be used by it for military purposes in the war against the United States ; and the note sued on was given in consideration of the money or note so loaned by plaintiff to defendant, then the plaintiff cannot recover in this action." This charge the court refused as asked, but gave it with this qualification : " Mere knowledge by the plaintiff of the illegal conduct or intention of the defendant is not suffi-. cient to vitiate the contract between them. Some participation, however small, in the illegal act then being done or contemplated, or intention to aid in it, must enter into the contract, to have that effect ; which participation or intention must be determined by the jury from the evidence."

" 5. If the plaintiff let the defendant have money, or a note

on a third person, with knowledge that such money or note, or the proceeds thereof, were obtained by the defendant to enable it to make iron for the Confederate States government, to be used by that government for military purposes in the late war with the United States; and the said money or note was so used in making iron; and the consideration of the note sued on is the money or note so obtained by the defendant from the plaintiff, then the plaintiff cannot recover in this action." The court refused this charge as asked, but gave it with the same qualification.

" 6. If the jury believe, from the evidence, that the defendant was engaged in building iron works, to make iron for the Confederate States government; and that the plaintiff, while the defendant was building said iron works, loaned the defendant money, or a note on a third person, knowing that such money, or note, or the proceeds thereof, was obtained to enable said defendant to build its iron works, to make iron for the Confederate States government, to be used by it for military purposes in the war with the United States; and that the money or note, or the proceeds of the note, were used in building said iron works to make iron for the Confederate States; and that the consideration of the note sued on is the money or note, or proceeds of the note, so obtained by defendant from plaintiff,—the jury should find for the defendant."

" 7. If the jury believe, from the evidence, that the defendant was building iron works, to make iron for the Confederate States government, or was making iron for said government; and that the plaintiff, while the defendant was thus engaged, loaned the defendant money, or a note on a third person, knowing that the money, or note, or the proceeds of the note, was procured to enable the defendant to build its iron works to make iron for the Confederate States government, or to make iron for the Confederate States, to be used by said government for military purposes in the war with the United States; and that the consideration of the note sued on is the money, or note, or proceeds of the note, so obtained by defendant from plaintiff, — then the jury should find for the defendant."

" 8. If the jury believe, from the evidence, that the plaintiff loaned to the defendant money, or a note on William B. Haralson, with knowledge that the money, or the proceeds of the note, was obtained to enable the defendant to build iron works to make iron for the Confederate States government, to be used by that government for military purposes in the war between it and the United States ; and that the note sued on was given in consideration of the money or note so loaned, — then the consideration of said note is illegal; and illegality of consideration is a good defence in law, notwithstand-

[Oxford Iron Company *v.* Spradley.]

ing it may, in morals, be regarded as dishonest, unconscientious, and immoral."

" 9. If the jury believe, from the evidence, that the plaintiff loaned to the defendant money, or a note on W. B. Haralson, with knowledge that the money or note was obtained by the defendant to enable it to build iron works to make iron for the Confederate States, to be used by that government for military purposes in the late war with the United States; and that the note sued on was given in consideration of the money or note so loaned, — then the consideration of said note is illegal; and illegality of consideration is a good defence in law, notwithstanding it may, in morals, be considered dishonest, unconscientious, and immoral."

The court refused each of these charges as asked, but gave each with the same qualification as that annexed to the fourth charge, as above quoted. To the refusal of each charge asked, and to the qualification annexed to each of them, exceptions were reserved by the defendant; and these rulings of the court, together with its several rulings on questions of evidence, are now assigned as error.

Jno. T. Heflin, for appellant.

Foster & Forney, *contra.*

B. F. SAFFOLD, J. — Many of the errors assigned are sufficiently decided in *Oxford Iron Co.* v. *Spradley* (same case), 46 Ala. 96. All of the charges asked by the defendant and refused by the court, in respect to the illegal complicity of the transaction with the rebellion, are identical in substance with those passed on when the case was here before. They ought to have been given on that authority, and also of *Milner, Wood & Wren* v. *Patton,* at January term, 1874.

If, however, Spradley loaned Haralson's note to this company in a general way, without reference to its business, to be used as it pleased, but without any understanding that it was to be used in building works for the manufacture of iron for the Confederate States, or any other illegal purpose, his mere knowledge that it was engaged in such illegal business, and might possibly or probably use the funds so obtained from him in advancing such work, would not affect his contract injuriously. The company is shown to have had other business, and, consequently, other expenses, not inseparable from that which was illegal; and neither it nor its corporators were in a state of excommunication.

2. As no intention to evade the payment of the stamp duty was proved, the note, the foundation of the suit, was properly

[Giovanni v. First National Bank.]

admitted in evidence without the stamp. *Lightfoot* v. *Leverett*, at the present term.

3. As the jury must find the *intention* with which Spradley made the contract, from the facts testified to, it would embarrass them to do so, if he simply told them what was his intention. A party, testifying for himself, cannot be given this advantage over other witnesses. His evidence on this point ought to have been excluded.

The evidence of Patterson, in reference to the receipt given by the plaintiff to W. S. Knox, was properly excluded, as no account appears to have been given of the receipt itself, which is presumed to have been in the possession of the defendant.

The excluded testimony of Knox and Campbell ought to have been admitted. But it is not seen how the defendant was damaged, as the facts which it tended to prove were abundantly established by other evidence.

The judgment is reversed, and the cause remanded.