56 So.2d 344

## LEVY v. LEVY.

8 Div. 596.

Supreme Court of Alabama.

Oct. 11, 1951.

Rehearing Denied Jan. 31, 1952.

J. D. Carroll, Jr., Huntsville, for appellant.

No attorney marked for appellee.

SIMPSON, Justice.

This appeal is from a final decree dismissing complainant's bill in a suit for divorce. The suit is by the wife against the husband, the ground for divorce being cruelty. The decree denying relief is predicated upon a finding that "the evidence is not sufficient to satisfy the court of the truth in fact of complainant's domicile in this State," and the conclusion that "the court has no jurisdiction over the subject matter."

The bill alleges, *inter alia*, that complainant is a bona fide resident of Madison County, Alabama. The respondent filed an answer whereby he admitted all of the allegations of the bill except the charge of cruelty, which was catagorically denied. He made no further appearance, offered no testimony, and files no brief on appeal. The only testimony offered was that of the complainant, and that by way of deposition before a commissioner. So far as here material, her testimony was: "I am Joan DeGeer Levy, over the age of twenty-one years, of sound mind and a bona fide resident of Madison County, Alabama, and have been for over two weeks next preceding the filing of this bill of complaint. I live at 406 Eustis Street, Huntsville, Alabama, with Mrs. R. H. Canterberry. I formerly lived in Great Neck, New York but I came to Alabama with the full intention of making this State and County my permanent home. I have registered at the United States Employment Service on Gallatin Street in Huntsville, Alabama, for a job. I have also applied at numerous places in Huntsville for work being the Louise Shop, Southern Bell Telephone who were not taking application at the present but would at a later date, and have an appointment with the personnel Department at Redstone Arsenal on Saturday. I did not come to Alabama for the purpose of obtaining a divorce but came here only for the purpose of changing my domicile and home to this State. My present intention is to live in the State of Alabama permanently and not temporarily."

Since the amendment of § 29, Title 34, Code 1940, by the act approved July 6, 1945, General Acts 1945, p. 691, no particular or specific period of residence in this state is required of a complainant in a proceeding for divorce where the respondent is a nonresident when the court has jurisdiction of both parties to the cause of action, the only jurisdictional requirement being that the complainant be domiciled in the state so as to confer upon the court jurisdiction of the *res*. Gee v. Gee, 252 Ala. 103, 39 So.2d 406; Jennings v. Jennings, 251 Ala. 73, 36 So.2d 236, 3 A.L.R. 2d 662.

■ Appellant contends that the testimony quoted above was sufficient to show bona fide residence or domicile of the appellant (complainant); that, since the testimony of complainant in a divorce action need not necessarily be corroborated, citing Piner v. Piner, 255 Ala. 104, 50 So.2d 269, the trial court erroneously assumed to pass upon the credibility of testimony which had been taken by deposition out of court, and which was prima facie sufficient to prove the material allegations of the bill. Our attention is called to the established rule that, when a cause is tried in the court below in this manner, this court will not indulge any presumption that the trial court correctly found the facts, but will sit in judgment thereon. Harris v. Harris, 251 Ala. 687, 39 So.2d 232.

But the appellant overlooks the statute requiring the courts in equity cases to consider only relevant, material, competent and legal testimony, notwithstanding no objection in the trial court has been taken thereto. Code 1940, Title 7, § 372(1), Cum. Pocket Part; Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115. The question before us is not whether or not the court below had the right to believe or not believe the testimony upon which the cause was submitted; the real question is whether or not there was before the court below, and before us, sufficient legal evidence to sustain the allegations of the bill upon the jurisdictional question hereinabove noted.

■ It will be noticed that in the deposition are such expressions as "I came to Alabama with the full intention of making this State and County my permanent home. I did not come to Alabama for the purpose of obtaining a divorce but came here only for the purpose of changing my domicile and home to this State. My present intention is to live in the State of Alabama" etc. It has long been the established rule in this jurisdiction that the uncommunicated motive or intention of a party is a matter of inference to be drawn from the facts and circumstances of the case, and is not the subject of direct proof. It has been applied in both civil and criminal cases. Baldwin v. Walker, 91 Ala. 428, 8 So. 364; Pollard v. Rogers, 234 Ala. 92, 173 So. 881; McGuff v. State, 248 Ala. 259, 27 So.2d 241; Thornton v. State, 253 Ala. 444, 45 So.2d 298; Oxford Iron Co. v. Spradley, 51 Ala. 171. While it has been said that this rule of exclusion is peculiar to Alabama (e. g., Treatise by Judge J. Russell McElroy, 1 Alabama Lawyer 221), we have nevertheless adhered to it. For an extensive treatment of the subject see McGuff v. State, supra.

That the quoted expressions fall within the purview of the rule is not debatable. In view of the fact that the issue involved is one of jurisdiction; that a divorce proceeding is one in which the State is peculiarly interested; that the evidence was by way of ex parte deposition, and there being no contest, it is all the more necessary that we give effect to the statute obviating the necessity for an objection. Code, Title 7, § 372(1), supra.

■ With the mentioned items of evidence out of the way, but little is left to prove the fact of complainant's domicile —nothing save the bald assertion that she is a resident of Madison County and that she has made applications for work in that county. So considered, we must conclude to an affirmance of the decree below to the effect that the evidence is insufficient to sustain the jurisdictional allegation of domicile.

We may observe that there is a distinction between the foregoing rule of exclusion and that rule which permits a witness to testify to declarations made by one in setting out upon a journey, and to testify to other indicia of motive or intent. Thornton v. State, supra.

■ While we agree with the trial court in denying to complainant the relief prayed, we are of the opinion that the bill should have been dismissed without prejudice. The decree is to that extent modified, and as modified it is affirmed.

Modified and affirmed.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.