63 So.2d 364

**RICHARDSON v. RICHARDSON.**

8 Div. 695.

Supreme Court of Alabama.

Feb. 26, 1953.

Taylor, Bell & Morring and Patrick W. Richardson, Huntsville, for appellant.

424

Harry L. Pennington, Huntsville, for appellee.

STAKELY, Justice.

Schuyler H. Richardson, Jr. (appellant) on July 5, 1952, filed his bill of complaint against Ann Beatrice Richardson (appellee) for a divorce on the grounds, respectively, of habitual drunkenness since marriage and cruelty on the part of the respondent. The respondent is a nonresident of the State of Alabama and service was had by publication.

The respondent appeared specially in the case and filed a plea in abatement to the jurisdiction of the court, alleging, in substance, that the respondent is a nonresident of the State of Alabama, residing in North Hollywood, California, and that the complainant has not been a bona fide resident of the State of Alabama for twelve months next preceding the filing of the bill, but was a resident of the State of Virginia in the City of Alexandria until to-wit the 29th day of June, 1952.

The case was submitted for a decree on the foregoing plea in abatement. The only evidence offered on the issues made by the plea was the testimony of the complainant and a stipulation made by counsel as to what the respondent would testify, if present. The court entered a decree upholding the plea in abatement and dismissing the cause without prejudice. This appeal is from that decree.

We will attempt to state enough of the tendencies of the evidence to give an understanding of the case and shall refer first to the testimony of the complainant, which showed among other things the following.

The complainant had lived with his parents in Huntsville, Alabama, since 1922, except during the period of 1940 to 1944, which he spent in California. From 1944 to 1946 he was in the military service and from 1946 to 1948 he lived in California. In January or February, 1949, he returned to Huntsville, Alabama, with his wife, having married her in 1948. He was there employed until September, 1949, when he entered the Law School of the University of Alabama at Tuscaloosa, Alabama. He pursued a course of studies and taught as a part time instructor at the University until June, 1951, when he transferred to the Law School of George Washington University at Washington, D. C., giving his address as Huntsville, Alabama. At the latter institution he continued as a full time law student for about a month when he took a part time job with the Naval Photographic Center and continued his law studies with all the night courses he was allowed to carry until about July 1, 1952, when he returned to Huntsville, Alabama. When he first went to Washington, D. C. he lived in the District

of Columbia at a boarding house and then rented an apartment in Alexandria, Virginia, where he lived continuously until his return to Huntsville, Alabama.

The complainant has been a registered voter in Madison County, Alabama, since returning from California in January, 1949. On enrolling at the University of Alabama he gave Huntsville, Alabama, as a permanent home, referring to his mother's address in Huntsville, Alabama. While the complainant was in Washington, D. C. he applied for work at the Small Plants Defense Administration and gave his address as Alexandria, Virginia, on the application therefor. He further applied for a position with the Civil Defense Administration and gave as his address Alexandria, Virginia. These two applications for employment were made with the idea that his employment with the Naval Photographic Center would terminate. When he applied for work with the Naval Photographic Center he listed his address as Washington, D. C. According to him in giving his address on these occasions, he was only giving his local address.

While living in Alexandria, Virginia, he made a contract for the purchase of a home located in Rockville, Md., eighteen or twenty miles from the City of Washington, D. C. and paid between $800 or $900 as earnest money on the purchase price. This contract was entered into while he was living in Alexandria, Virginia, where he had his household furniture.

Complainant returned to Huntsville, Alabama, July 3, 1952. His wife, the respondent, and her child by a former marriage did not accompany him.

The statement as to what she would testify if present in court does not differ materially from the testimony of the complainant giving substantially the sequence of their various movements as given by him.

The question for decision is whether under § 29, Title 34, Code of 1940, the complainant Schuyler H. Richardson, Jr. has been a bona fide resident of this state for one year next before the filing of the bill of complaint in this cause. The amendment to the foregoing section has no application, since the respondent is a nonresident or has not made a general appearance in this case. Levy v. Levy, 256 Ala. 629, 56 So.2d 344. In considering the testimony before the court certain fundamental principles should be kept in mind. For example, under the requirement in the foregoing statute against a nonresident, that the complainant must have been a bona fide resident for one year next preceding the filing of the bill, residence means domicile. Caheen v. Caheen, 233 Ala. 494, 172 So. 618; Gee v. Gee, 252 Ala. 108, 39 So.2d 406. Furthermore, a man's domicile is the place of his permanent and fixed home from which he entertains no present intent to remain permanently away and to which he has the intent whenever absent to return. Caheen v. Caheen, supra; Lucky v. Roberts, 211 Ala. 578, 100 So. 878; Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510; 28 C.J.S., Domicile, § 13, p. 33. And, lastly, it should be mentioned that domicile once acquired continues until a new domicile is established. Ex parte Bullen, 236 Ala. 56, 181 So. 498. So, a change of domicile cannot be inferred from absence for study or some temporary or special purpose and the burden is on the party who asserts a change of domicile to prove it. Ex parte State ex rel. Altman, 237 Ala. 642, 188 So. 685; Caheen v. Caheen, supra; Ex parte Weissinger, supra.

We come now to a consideration of the evidence before the court. From 1922 the complainant lived with his parents in their home in Huntsville, Alabama, except that he spent the period of 1940 to 1944 in California and lived in California from 1946 to 1948 when he was in the military service. He married the respondent in 1948 and returned with her as his wife to Huntsville, Alabama, in January or February, 1949. Up until this point we find nothing which indicates a domicile other than in Huntsville, Alabama.

In September, 1949, he entered the Law School of the University of Alabama at Tuscaloosa, Alabama and pursued a course of studies and taught as a part time instructor at that institution until June 1951 when he transferred to the Law School of

George Washington University at Washington, D. C., giving his address as Huntsville, Alabama. While in George Washington University at Washington, D. C. he took a part time job with the Naval Photographic Center but continued as a full time law student at the foregoing institution. There is certainly nothing up to this point that indicates that complainant intended to abandon his domicile in Huntsville, Alabama, and acquire a domicile in Washington, D. C.

We come now to the series of events which present some difficulties in the case. When the complainant first went to Washington, D. C. he lived in the District of Columbia at a boarding house and then rented an apartment in Alexandria, Virginia, where he lived continuously until his return to Huntsville, Alabama. While in Washington, D. C. he applied for work at the Small Plants Defense Administration and gave his address at the apartment where he lived in Alexandria, Virginia. He later applied for a position with the Civil Defense Administration and gave as his address the apartment where he lived in Alexandria, Virginia. When he applied for work with the Naval Photographic Center he listed his address as Washington, D. C. According to him in giving his address on these occasions he was giving what he regarded as his local address and not his permanent address.

Furthermore while living in Alexandria, Virginia, he made a contract for the purchase of a home located in Rockville, Md., eighteen or twenty miles from the City of Washington, D. C., which is within commuting distance of the city, and paid between $800 or $900 as earnest money on the purchase price. All this time he had his household furniture at the apartment in Alexandria, Virginia. His explanation of the purchase of the house is that it would make his living expenses cheaper and furthermore he felt that he could make money by buying the house and selling it at a profit under the peculiar conditions which existed around Washington, D. C. 28 C.J.S., Domicile, § 18, p. 47.

The statements of address in his applications for employment in the District of Columbia and the purchase of the home nearby are not entirely consistent with his claim of domicile in Alabama. But we think at this point that there is a principle which should receive serious consideration. There is no doubt that when one goes to the District of Columbia and remains there to render service to the government which requires his presence there, he may retain his domicile in the state from which he comes until the service terminates, unless he gives clear evidence of his intention to forego the domicile in his native state. We are inclined, therefore, to view the actions of complainant in the District of Columbia as merely temporary in view of his government service and in view of his activities as a student there. Sweeney v. District of Columbia, 72 App.D.C. 30, 113 F.2d 25, 129 A.L.R. 1370, certiorari denied 310 U.S. 631, 60 S.Ct. 1082, 84 L.Ed. 1402; 28 C.J.S., Domicile, § 12, pp. 28–29.

We are fortified in this view by the fact that since complainant returned from California in January 1949 he has been a registered voter in Madison County, Alabama and has never voted anywhere else. In Ex parte Weissinger, supra, this court pointed out that the exercise of the right of elective franchise dependent upon citizenship and domicile is regarded as a circumstance having weight in settling the question of a person's legal residence. In fact, this court went so far as to say that, "Such act is a deliberate public assertion of the fact of residence and is said to have decided preponderance in a doubtful case upon the place the elector claims as, or believes to be, his residence. [247 Ala. 113, 22 So.2d 514.]"

As we have shown, there is no doubt of the complainant's domicile of origin in Huntsville, Alabama. Ex parte Weissinger, supra. Since under the plea in abatement respondent asserts a change of domicile, she has the burden of establishing such change and assuming that the facts admit of conflicting inferences, the presumption is strongly in favor of the former domicile as against an acquired one. Authorities, supra.

While we are reluctant to disagree with the findings of the trial court we believe

that upon a careful analysis of the evidence, the plea of the respondent was not due to be sustained.

Accordingly, the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

LAWSON, SIMPSON and MERRILL, JJ., concur.