Donald S. Taylor, J.
This is a divorce action tried by the court without a jury on the stipulation of the parties in which the plaintiff relies upon the invalidity of the defendant’s second marriage as proof of his adulterous conduct. It is her contention that the decree of divorce which he obtained against her in the State of Alabama is void on jurisdictional grounds.
The Alabama decree which dissolved the plaintiff’s marriage is entitled to full faith and credit in this State and the sanctity of it will yield only to a determination that the jurisdictional facts upon which it rests did not exist. If plaintiff is to prevail, the finding of a legally sufficient domiciliary status inherent in the foreign decree must be overturned “ by relevant standards of proof ” and “ such issue must be fairly assessed on cogent evidence.” (Williams v. North Carolina, 325 U. S. 226, 236.)
At the time of their marriage in 1945 at Troy, New York the parties were New York State residents. They continued to reside here until July, 1956 when the defendant went to Alabama. Two or three weeks later he consulted a lawyer and instituted an action for divorce against the plaintiff in the Circuit Court of Elmore County, Alabama alleging that he was a bona fide resident of that State. Constructive service of process by registered mail was made upon plaintiff who did not personally appear in the action. Defendant in the meantime having returned to this State, the Circuit Court on November 26, 1956 issued its decree of divorce. At the time of his departure from this State, defendant was employed by an automobile sales agency at Latham, New York. While in Alabama, he was employed in a hotel until November 1,1956 when he returned to this State and resumed his former employment. He has since resided here. In January, 1957 he remarried in Canaan, Connecticut. The foregoing facts are found on undisputed evidence.
Section 29 of title 34 of the Alabama Code of 1940 read: “ If defendant a nonresident, a year’s residence by plaintiff must *506 be proved. — When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved.” In 1945 the statute was amended to add the following: “provided however, the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action. ’ ’
In Richardson v. Richardson (258 Ala. 423) the respondent, wife in a divorce action was a nonresident of the State of Alabama upon whom service of process was made by publication. She had not made a general appearance in the case. In construing the 1945 amendment upon which the defendant relies to reduce the one-year residence requirement to one of a period of about three weeks, the Supreme Court of Alabama stated: “ The question for decision is whether under § 29, Title 34, Code of 1940, the complainant Schuyler H. Richardson, Jr. has been a bona fide resident of this state for one year next before the filing of the bill of complaint in this cause. The amendment to the foregoing section has no application, since the respondent is a nonresident or has not made a general appearance in this case.”
The cases of Hooke v. Hooke (247 Ala. 450) and Levy v. Levy (256 Ala. 629) upon which the defendant relies are distinguishable from the case at bar. In Hooke (supra, p. 463) the court briefly stated: “We are not here concerned with the 1945 amendments of Sections 27 and 29, Title 34”. In Levy (supra, p. 630) this was said. “Since the amendment * * * no particular or specific period of residence in this state is required of a complainant in a proceeding for divorce where the respondent is a non-resident when the court has jurisdiction of both parties to the cause of action, the only jurisdictional requirement being that the complainant be domiciled in the state so as to confer upon the court.jurisdiction of the res.” The respondent there had submitted to the jurisdiction of the Alabama court by filing an answer.
In the present case the defendant manifestly had not been in Alabama over three weeks when he commenced his action. Since the foreign court acquired no jurisdiction of plaintiff either by personal service of process or by her voluntary submission thereto, the defendant’s domiciliary status in Alabama had not matured to the required jurisdictional minimum and that the divorce decree granted by the court of that State was void. (Richardson v. Richardson, supra.)
Moreover, I conclude that the defendant at the time of his arrival in the foreign State had no present, definite and honest *507 purpose of giving up Ms oM domicile and taking up a new one there and that he did not establish a bona fide domicile in the State of Alabama. The divorce decree granted by that State was, therefore, void for lack of jurisdiction on this ground also. (Matter of Newcomb, 192 N. Y. 238, 251; Bajkynicz v. Bajkynicz, 5 A D 2d 562; Aspromonte v. Aspromonte, 4 A D 2d 689; Long v. Long, 281 App. Div. 254.)
The proof of defendant’s subsequent remarriage and of his cohabitation with his alleged second wife entitles the plaintiff to a judgment of divorce.
The decree may contain a provision that the questions of the custody and support of the child of the marriage of the parties shall be subject to the judgment of the Children’s Court of Rensselaer County which has heretofore assumed jurisdiction thereof and that nothing herein contained shall limit or divest the said Children’s Court of its jurisdiction. (Sprague v. Sprague, 283 App. Div. 679.)