128 So.2d 490

Robert S. VOLIN

v.

Charlene S. VOLIN.

6 Div. 668.

Supreme Court of Alabama.

March 30, 1961.

Karl Harrison, Columbiana, and Jack Crenshaw, Montgomery, for appellant.

James & Rutledge, Haleyville, and John Huddleston, Montgomery, for appellee.

LAWSON, Justice.

This suit was brought in the Circuit Court of Winston County, in Equity, by Charlene S. Volin against her husband, Robert S. Volin.

The bill sought an absolute divorce on the ground of cruelty.

The trial court entered a decree granting the divorce and from that decree the respondent duly appealed to this court.

The bill alleged among other things that complainant " * * * is a resident of the State of Alabama and has been such for the length of time required by law." The residence of the respondent was not alleged.

Respondent filed an answer and waiver wherein he admitted the allegations of the bill as to age, residence and marriage and denied the other allegations. He made no further appearance and offered no testimony.

The only material testimony offered was that of the complainant, and that in the form of a deposition. So far as here pertinent her testimony was:

"My name is Charlene S. Volin. I am over the age of eighteen years and am a resident of the State of Alabama and have been such for the length of time required by law.

"The name of the Respondent is Robert S. Volin. He is over the age of eighteen years.

"The Respondent and I were lawfully married on May 11, 1957."

Since the amendment of § 29, Title 34, Code 1940, by the act approved July 6, 1945, General Acts 1945, p. 691, no particular or specific period of residence in this state is required of a complainant in a proceeding for divorce where the respondent is a nonresident when the court has jurisdiction of both parties to the cause of action, the only jurisdictional requirement being that the complainant be domiciled in this state so as to confer upon the court jurisdiction of the res. Levy v. Levy, 256 Ala. 629, 56 So.2d 344, and cases cited.

The mere statement of the complainant that she is a resident of the State of Alabama and has been such "for the length of time required by law" is insufficient to meet the jurisdictional requirement that the complainant be domiciled in this state, the respondent not being shown to be domiciled here. Levy v. Levy, supra.

The respondent below, the appellant here, is not estopped from asserting on this appeal that the divorce decree was void on the ground that the trial court did not have jurisdiction, as was held in Levine v. Levine, 262 Ala. 491, 80 So.2d 235. In the Levine case, supra, the respondent wife did not appeal from the divorce decree, as was done in this case, but enjoyed its benefits, financial and otherwise, and then sought to have the divorce vacated by a bill in the nature of a bill of review.

The decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.