131 So.2d 707

Elaine LORILLARD

v.

Louis L. LORILLARD.

6 Div. 401.

Supreme Court of Alabama.

June 22, 1961.

Knabe & Nachman, Montgomery, for appellant.

Fite & Fite and Rankin Fite, Hamilton, and Martin & Blakey, Frank H. Hawthorne and Robert H. Owen, Birmingham, for appellee.

PER CURIAM.

Appellant argues that the final decree granting divorce is in error for two reasons: first, because the evidence is insufficient to support the allegation that complainant is a resident citizen of Alabama; and, second, because the evidence is insufficient to support the allegation that respondent has committed actual violence on the person of complainant attended with danger to his life or health, or that from her conduct there is reasonable apprehension of such violence. § 22, Title 34, Code 1940.

Appellant's first insistence is well taken and renders unnecessary consideration of the second insistence. In Volin v. Volin, ante, p. 85, 128 So.2d 490, 491, recently decided, we held that the following testimony, to wit:

"'* * *. I am over the age of eighteen years and am a resident of the State of Alabama and have been such for the length of time required by law'";

was insufficient to prove that complainant was a resident of this state. The testimony here is:

"I am over the age of twenty-one years and am a resident citizen of the State of Alabama."

The instant testimony is no stronger than the testimony in the Volin case, and for the reasons there stated is not sufficient to sustain the allegation of residence. It follows that the decree awarding divorce was in error for lack of proof of the averment of residence and must be reversed. Levy v. Levy, 256 Ala. 629, 56 So.2d 344.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

COLEMAN, J., dissents.

COLEMAN, Justice (dissenting).

The majority opinion rests on the Volin case, which, in turn, rests on Levy v. Levy, 256 Ala. 629, 56 So.2d 344. In my humble opinion, Levy and Volin are not the same.

In the Levy case, complainant's "bald assertion" of residence was accompanied by numerous protestations undertaking to depose that while complainant had been in Alabama only two weeks, complainant entertained during that two weeks an intention to acquire permanent residence in Alabama. The complainant protested too much in the Levy case and by these protests raised a presumption that her intention was not what she said it was.

As was said in Hunter v. Hunter, 64 N.J. Eq. 277, 53 A. 221, 224; 65 A.L.R. 186, "* * * He establishes the presumption, as we have seen, by the evidence which he himself produces, that his residence was not a permanent one, such as to give our courts jurisdiction of his matrimonial status. * * *."

The rejected statement in the Volin case, and here, if it is to be rejected, must be rejected on the ground that it is an opinion or conclusion of the witness, and therefore incompetent. The statement is certainly material and relevant. It is not hearsay. In the absence of an objection an opinion may be competent. Opinions that a person is sane or insane are constantly admitted in evidence. So I do not conceive that the statement of a witness that he is a resident citizen of this state is objectionable on any ground other than that it is an opinion.

There was here no objection interposed. The respondent has waived the right to be notified of the taking of testimony and in effect has waived all objections. This is not the case of a decree of divorce "rendered on the confession of the parties," which is forbidden by § 26, Title 34, Code 1940. No reason for rejecting the statement as to complainant's residence is suggested other than Act No. 101, 1943 Gen-

eral Acts, page 105; Pocket Parts, 1940 Code, § 372(1), Title 7. It must be conceded that a statement that a person is a resident citizen of a state is an opinion or conclusion, and objection on that ground to a question calling for such testimony should be sustained. It does not follow, however, that testimony is illegal or incompetent merely because it is an opinion or conclusion.

There is here involved the practical question of what testimony the complainant must produce and how much proof the trial judge shall require, when a divorce suit is brought by one of the spouses and both have been lifelong residents of the state and county where the proceeding is commenced. In that situation, the court has jurisdiction and the only question is how to show jurisdiction in the record.

Under the majority holding in the instant case, jurisdiction cannot be shown by the testimony of complainant to the effect that "I am a resident of this state." If a witness cannot testify that he is a resident of the state, is he any better qualified to testify that he is a resident of a particular county, or city, or house at a certain street number?

Short of a detailed account of where a person sleeps, eats, and works, it is somewhat difficult to understand just what testimony is required or admissible to prove residence. If a witness cannot say I am a resident citizen of a state, because that is opinion or conclusion, can a witness say I reside in a state or I live in a state, and thereby avoid the objection that he is stating a conclusion or opinion? If every matter which is the statement of a conclusion or opinion is to be rejected, then a party who is required to prove his residence must present a detailed account of his past life for a period of time sufficient to justify the court in finding that he is a resident of the state as he claims to be. I do not conceive that it has ever been the practice to place that burden on a party when the issue of residence is not contested, but the opinion in the Volin case appears to me to impose that burden.

Moreover, the opinion in the Volin case appears to state that the decree appealed from is not merely erroneous but void, for lack of proof of residence. There is no statute cited which requires allegation and proof of residence when the court has jurisdiction of both parties to the action. The court had jurisdiction of both parties in the instant case in that both appeared generally.

I am not persuaded that the court has rendered an erroneous decree where the only evidence of the residence of complainant is the sworn statement that the complainant is a resident citizen of this state and there is no evidence to the contrary. Neither do I think this conclusion contrary to Levy v. Levy, supra, where the additional evidence raised the presumption that complainant's intention was not what she claimed it was.

That a court has no power to grant a divorce when neither husband nor wife resides within the state has long been settled; Harrison v. Harrison, 20 Ala. 629, 645; Jennings v. Jennings, 251 Ala. 73, 36 So.2d 236, 3 A.L.R.2d 662; but that rule does not require rejection of the testimony of a witness that he is a resident. Being of that opinion I respectfully dissent from the holding of the majority.

The opinion in Volin v. Volin, supra, says the appellant was not estopped from asserting on that appeal "that the divorce decree was void on the ground that the trial court did not have jurisdiction." [128 So.2d 491.] The same estoppel is insisted on by the appellee in the instant case and it may be supposed that the same insistence would receive the same answer here. The implication of the statement in the opinion, however, is that the decree appealed from is void and not merely erroneous. Such implication must not be intended because a void decree will not support an appeal and such an attempted appeal must be dismissed. In Volin, as well as in the case at bar, the decree was reversed and the cause was remanded, and the appeal was not dismissed.