179 So.2d 46

**Margaret Alexandrina Day SACHS**

**v.**

**George SACHS.**

**6 Div. 141.**

Supreme Court of Alabama.

Sept. 30, 1965.

John Tucker, Birmingham, for appellee.

Wm. M. Acker, Jr., Smyer, White, Reid & Acker and J. N. Holt, Holt & Cooper, Birmingham, for appellant.

MERRILL, Justice.

This is an appeal from a final decree of divorce in favor of the husband, dated October 29, 1963. A motion to set the

decree aside was filed November 27, 1963, and later overruled.

When appellee filed his bill on the ground of cruelty, he alleged that he "is a bona fide resident citizen of the State of Alabama and has been for the length of time required by law, residing in Birmingham, Alabama." He testified that he was a bona fide resident of Birmingham, gave his address, stated that he was a property owner, having purchased it after he moved to the city, and that he was a medical doctor and assistant professor at the University of Alabama School of Medicine in Birmingham. He alleged that his wife resided in London, Ontario, Canada.

His wife was served by registered mail as required by Equity Rule 5, Subdivision 2(b), and the record contains a photostatic copy of the return receipt, "bearing the signature" of respondent and it was filed September 23, 1963. A decree pro confesso was taken October 28, 1963; testimony of appellee was taken before a commissioner and the decree was rendered October 29.

The decree not only granted the divorce but granted custody of the two minor children to appellee, and ordered appellee to pay $25 per month for the support and maintenance of said child, "until the complainant, the father, gains physical possession of the said minor children."

Appellant filed a motion to set aside the decree on the ground that it was void for lack of jurisdiction because there was no allegation and proof that appellant had been a "bona fide resident of this State for one year next before the filing of the bill," as required by statute. Tit. 34, § 29, Code 1940, as amended, reads:

"When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved; provided however, the provisions of this section shall not be of force and effect

when the court has jurisdiction of both parties to the cause of action."

Prior to 1945, the section concluded with the word "proved," but in 1945, the proviso was added.

We think that the allegations and proof show that appellee was a resident of this State when he filed his bill, but there is no allegation or proof that he had been such resident for "one year next before the filing of the bill."

■ ·The decree in this case was not void, because the court had jurisdiction of the marital res, one party being a resident of Alabama. Gee v. Gee, 252 Ala. 103, 39 So.2d 406; Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725.

But we are met at the threshold of this case with the question of waiver. Although appellant made no appearance until she moved to set aside the final decree after it had been entered based upon the decree pro confesso, she did not limit that appearance in any way and she questioned both the jurisdiction of the court and the merits of the bill of complaint (ground 5). Had the appearance been limited, we could have held that it was a limited appearance as we held in Ex parte Haisten, 227 Ala. 183, 149 So. 213.

■ If the decree was void on the face of the proceedings, we could have held the motion to set it aside was not a general appearance as we held in Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184. But since there was no limited or special appearance in the motion to set aside the decree, we must hold that this constituted a general appearance. In Aetna Ins. Co. v. Earnest, 215 Ala. 557, 112 So. 145, we approved the following:

" 'Where a judgment has been rendered by the court without jurisdiction of the person, a general appearance after such judgment waives all objection to the jurisdiction of the court over the person. Thus a general ap-

pearance by defendant after final judgment waives any and all defects and irregularities in the service of process and return, just as fully as it does where such appearance is entered before final judgment.'

\* \* \* \* \* \*

" 'As to the immediate parties to the action, a general appearance validates a judgment that was theretofore absolutely void for want of jurisdiction.'

"There are a few cases to the contrary, as in Bennett v. Supreme Tent, 40 Wash. 431, 82 P. 744, 2 L.R.A. (N.S.) 389, but we prefer to follow the great weight of authority, which is based, we think, on sound principles."

In Levy v. Levy, 256 Ala. 629, 56 So.2d 344, we said:

"Since the amendment of § 29, Title 34, Code 1940, by the act approved July 6, 1945, General Acts 1945, p. 691, no particular or specific period of residence in this state is required of a complainant in a proceeding for divorce where the respondent is a nonresident when the court has jurisdiction of both parties to the cause of action, the only jurisdictional requirement being that the complainant be domiciled in the state so as to confer upon the court jurisdiction of the res. \* \* \* "

■ The statement quoted supra from Levy v. Levy, 256 Ala. 629, 56 So.2d 344, appears in Volin v. Volin, 272 Ala. 85, 128 So.2d 490, and Hilley v. Hilley, 275 Ala. 617, 157 So.2d 215. But, in every one of the cases (Gee, Levy, Volin and Hilley), the nonresident either appeared voluntarily and filed a general appearance or was personally served in this State. That fact leads us to conclude that the 1945 amendment to Tit. 34, § 29, was intended to apply only where the nonresident was personally served in this State or voluntarily submitted to the jurisdiction of the Alabama

court by filing a general appearance; and does not apply where some form of substituted service, such as by publication or by registered mail, was employed.

This position is fortified by our holding in Richardson v. Richardson, 258 Ala. 423, 63 So.2d 364. There, the husband who claimed to have been domiciled in Alabama all his life, sued his wife for divorce. She was a nonresident and had been served by publication. She appeared specially and filed a plea in abatement alleging that her husband had not been a bona fide resident of Alabama for twelve months next preceding the filing of the bill, but had been a resident of Alexandria, Virginia, until six days before he filed his bill for divorce in Alabama. We said:

"The question for decision is whether under § 29, Title 34, Code of 1940, the complainant Schuyler H. Richardson, Jr. has been a bona fide resident of this state for one year next before the filing of the bill of complaint in this cause. *The amendment to the foregoing section has no application, since the respondent is a nonresident or has not made a general appearance in this case. \* \* \*"* (Emphasis supplied).

■ But appellant did make a general appearance when she did not limit her appearance at the time she filed her motion to set aside the decree and included other than jurisdictional grounds. This general appearance cured any defects in the service of appellant prior to that time. It follows that the amendment to Tit. 34, § 29, does apply to the parties in this cause since both of them were before the court by virtue of voluntary and general appearances.

■ We think it fitting to add that appellant had the right to appeal from the final decree. In Ex parte Helbling, 278 Ala. 234, 177 So.2d 454, we held that even though a decree pro confesso is not challenged before final decree, the orderly procedure is to move to set aside the final de-

cree by applying for a rehearing as provided by Equity Rule 62. If, as here, the rehearing is not granted, the movant may appeal from the final decree.

Appellant also urges error on the part of the court in awarding custody of the two children to appellee. We agree. The only references to the children in the bill of complaint are in paragraph 2: "There were two (2) children born of the marriage, namely: MARK SACHS, age 3 years; and PHILIP ADRIAN SACHS, age 2 years. The said children are in the custody of the mother, the Respondent."; and a sentence in the prayer of the bill: "That the Court will fix and/or approve an amount of money to be paid to the respondent as support and maintenance for the minor children of the parties." The proof consisted of this statement:

> "As a result of our marriage we had two children, namely: MARK SACHS, 3 years of age and PHILIP ADRIAN SACHS, age 2 years. They are both in Canada, living with respondents parents. I am a fit and proper person to have the custody and control of these children and I ask this Court to grant me their custody and control. Based upon my salary from the University and the needs of the children, it is my considered opinion that $25 per month is a reasonable amount to pay to each child as support and maintenance and I offer to do this, commencing December 1, 1963, or as soon as the Court should direct, and to continue until such time as I can obtain the actual physical custody of the children."

We do not consider this proof sufficient to justify the taking of two children of such tender years from the custody of their mother when no proof is made of her unfitness. But we do not reach the proof. There are no allegations in the bill which would remotely put the mother on notice that the custody of the children was questioned in any respect.

An allegation that "the respondent, their mother, is a proper person to have custody and control of said minor children and she desires custody of said children" was sufficient to invoke the jurisdiction of the court over the children in a divorce case. Butler v. Butler, 254 Ala. 375, 48 So.2d 318. The third sentence in the proof quoted supra would have been sufficient to invoke the court's jurisdiction had it been made in the bill. But of long standing is the rule that proof of a fact not alleged in a bill is as unavailing for relief as is averment without proof, Salmon v. Wynn, 153 Ala. 538, 45 So. 133; and proof without allegation cannot be considered. Myers v. Moorer, 273 Ala. 18, 134 So.2d 168. In W. T. Smith Lumber Co. v. Foshee, 277 Ala. 71, 167 So.2d 154, we said:

> "To authorize relief in equity the allegations and proof must correspond, and no matter how just the demand established by complainant's proof, if it does not harmonize with the allegations of the bill, the complainant is not entitled to relief. This is fundamental and essential to the due administration of justice in preventing surprise and depriving parties of their rights without due process of law. Williams v. State, 215 Ala. 546, 112 So. 114."

We are constrained to hold that there was no allegation in the bill in the instant case which invoked the jurisdiction of the court over the children. This in no way conflicts with the rule that "Any pleading which shows upon its face that the welfare of an infant requires an order with respect to its custody or support is sufficient to invoke the jurisdiction of equity." Scott v. Scott, 247 Ala. 598, 25 So.2d 673. As already demonstrated, the only allegations respecting the children would lead one to think that no question of custody would arise unless by an answer of respondent or an amendment by complainant.

Appellant argues that service by registered mail was not sufficient service. In

Opinion of the Justices, 259 Ala. 202, 66 So.2d 174, four justices of this court, in considering Equity Rule 5, Subdivision 2 (b), Code 1940, Tit. 7, Appendix, opined:

"It is our view that since the passage of the 1919 Act, which, in part, at least, is embodied in the present Section 340, Tit. 7 of the 1940 Code of Alabama, service on non-resident defendants in divorce cases, when perfected according to statute by registered mail, is efficacious to confer jurisdiction on the circuit courts, in equity, in divorce proceedings. See Cullars v. Callan, 257 Ala. 224, 59 So.2d 614."

The two justices not agreeing withheld their opinions because they were of the opinion that this court should give advisory opinions on constitutional questions only.

■ No question of constitutionality is raised here. We hold that service on non-resident defendants in divorce cases, when perfected according to statute by registered mail, is efficacious to confer jurisdiction on the circuit courts, in equity, in divorce proceedings. See Odem v. McCormack, 266 Ala. 465, 97 So.2d 574, where we upheld service by registered mail.

■ Appellant argues that appellee did not conform with Rule 55 of the Rules of Court of the Tenth Judicial Circuit. The objection borders on the frivolous, and we understand that nonconformance with the rules would not invalidate a decree, since they are directory only insofar as a litigant is concerned.

It follows that the decree must be modified and affirmed. We affirm paragraphs "FIRST," "SECOND," "THIRD" and "FIFTH" of the decree because the trial court had jurisdiction of the complainant, he being a resident of Alabama when the bill for divorce was filed, and jurisdiction of respondent, who even though a non-resident, waived any defects as to personal service by making a general appearance.

The decree is modified by striking paragraph "FOURTH" therefrom because there was no allegation in the bill invoking the jurisdiction of the court as to the custody of the children. Mason v. Mason, Fla.App., 122 So.2d 577.

Modified and affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, COLEMAN and HARWOOD, JJ., concur.