189 So.2d 336

**Ingela Idfors MANER**

v.

**Pitt Tyson MANER, Jr.**

**3 Div. 205.**

Supreme Court of Alabama.

June 23, 1966.

Rehearing Denied Aug. 25, 1966.

**654**

Crenshaw & Waller, Montgomery, for appellant.

Goodwyn & Smith, Montgomery, for appellee.

MERRILL, Justice.

This appeal is from a decree which, in effect, denied appellant's motion to set aside a purported decree of divorce on the ground that the decree was void on its face. An appeal lies from such a denial. Doby v. Carroll, 274 Ala. 273, 147 So.2d 803, and cases there cited.

Appellant, the wife, filed the motion to set aside the decree and the husband filed a motion to strike; the court granted the motion to strike and this appeal followed.

In 1963, the wife filed a suit for divorce in Montgomery County. On June 17, 1963, the husband swore to a plea in abatement that both he and his wife were bona fide residents of the State of Florida, residing at 1122 Brandt Drive, Tallahassee, and that they jointly owned the property and it was their permanent home. No further proceedings were had in that case.

The wife then filed a complaint in their home county in Florida, secured personal service on her husband and, on April 6, 1964, the Florida court ordered the husband to pay $200 per month to support their

young son, $150 per month alimony to the wife, ordered the husband to make the monthly mortgage payments on their home at 1122 Brandt Drive, Tallahassee, and awarded the custody of their child to the wife.

But between the time of the filing of the complaint in Florida, and the rendition of the decree, the husband, on February 26, 1964, filed a bill for divorce in Montgomery County, Alabama, and alleged that his wife "is over the age of twenty-one and is presently residing at 1122 Brandt Drive, Tallahassee, Florida." The bill alleged that he was presently residing in Montgomery, and had "so resided for more than one year preceeding the filing of this bill."

The wife was served as a nonresident defendant by registered mail on February 28; and on March 24, 1964 she, pro se, appeared specially and solely for the purpose of filing a plea in abatement, presenting the fact that her husband had sworn that they were both residents of Florida on June 17, 1963, in his plea in abatement filed on that date, and that he could not have been a resident of Alabama for more than one year preceding the filing of his bill on February 26, 1964. Attached to the plea in abatement was a photostatic copy of the husband's plea in abatement in the wife's suit in Montgomery County, Alabama.

The events following the filing of the wife's plea in abatement are the basis of the charge that the decree of divorce in this case is void.

On March 26, 1964, the deputy register of the Montgomery County Circuit Court wrote the wife's Florida attorney, who was handling her Florida proceedings, that the hearing on the wife's plea in abatement was set for Tuesday, March 31, 1964, at 10:00 A.M. At that time, and at no time thereafter, had the Florida attorney filed any paper for the wife in the Alabama court, and the wife herself was not notified by any court official of the date of the hearing. At the hearing, the plea in abatement was "overruled, denied and dismissed."

But between the time the plea in abatement was filed, March 24, and the date of the hearing, March 31, the husband, on March 27, 1964, filed an amendment to Paragraph I of his original bill, amending it to read as follows:

"Your Complainant is over the age of twenty-one years and is presently residing in the City and County of Montgomery, State of Alabama, and has so resided for the time required by law. Your Respondent is over the age of twenty-one years and her domicile is Montgomery County, State of Alabama, although she presently resides at 1122 Brandt Drive, Tallahassee, Florida."

The effect of this amendment was, of course, an attempt to allege that the wife was not a resident of the State of Florida, as alleged in the original bill, but a resident of Alabama. No service of this amendment was had on the wife. Counsel for the husband did mail a copy of it to the Florida attorney, who had represented the wife in the Florida proceedings.

A decree pro confesso was rendered on April 21, 1964, and on April 28, the decree of divorce was rendered. In addition to granting the divorce on the ground of cruelty, the husband was ordered to pay $150 per month for the support of his son, and the wife was awarded "a lump sum property settlement of $3,600.00" payable in twenty four monthly installments of $150 each.

On May 6, 1965, the wife, appearing specially by her attorneys, filed the motion to set aside the decree of April 28, 1964, on the ground that it was void on its face. On June 25, the husband filed a motion to strike the wife's motion and this motion was granted.

The wife contends that the decree is void on its face, not because of lack of service, but because the original bill and the plea in abatement affirmatively show that the court did not have jurisdiction of

**656**

the subject matter under Tit. 34, § 29, Code 1940, as amended, which reads:

> "When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved; provided however, the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action."

We have held that the 1945 amendment to § 29 (beginning at the semicolon), applies only where the nonresident was personally served in this State or voluntarily submitted to the jurisdiction of the Alabama court by filing a general appearance; and does not apply where some form of substituted service, such as by publication or by registered mail, was employed. Sachs v. Sachs, 278 Ala. 464, 179 So.2d 46(3); Richardson v. Richardson, 258 Ala. 423, 63 So.2d 364.

It follows that the husband, having alleged that his wife was a nonresident, was required to allege and prove that he had been a bona fide resident of Alabama for one year next before the filing of the bill. His allegation in the original bill met the requirement.

But when the wife appeared specially and filed her plea in abatement, she attached to her plea a copy of the husband's plea in abatement in her suit filed in Montgomery County, Alabama, in which he swore that both he and his wife were residents of Tallahassee, Florida. And his plea in abatement was filed less than one year prior to his filing his bill in Alabama, in which he alleged that he had been a bona fide resident of this State for one year next preceding the filing of his bill.

Where a party refers in his pleading to another proceeding or judgment between the same parties, and involving the same subject matter, the court, on demurrer, or as here, on a plea in abatement, may and should take judicial notice of the entire proceeding in so far as it is relevant to the question of law presented. Cogburn v. Callier, 213 Ala. 38, 104 So. 328 [6]; Davis v. Davis, 261 Ala. 95, 72 So.2d 852 [1].

So the trial court, in the instant case, was confronted with sworn allegations by the husband that he had been a resident of Florida less than a year before he filed his bill for divorce in Alabama. This amounted to a defect in substance and not form and showed that the court was without jurisdiction. Wright v. Wright, 200 Ala. 489, 76 So. 431; Volin v. Volin, 272 Ala. 85, 128 So.2d 490.

To get around this hurdle, the husband amended his bill, as quoted supra, to show that the wife was domiciled in Montgomery County, Alabama. But in this posture of the case, he never acquired valid service upon her.

The principle of law involved is that a party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, is estopped to assume a position inconsistent therewith to the prejudice of the adverse party. Woodham v. Hillman, 235 Ala. 224, 178 So. 31, where the position was changed by an amended pleading; Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226, 178 So. 48, and examples there cited.

Here, the husband certainly had knowledge of the facts and he caused the wife to be served as a nonresident of Alabama. She made no general appearance, but appeared specially to show that the court knew of its own records, which she referred to and cited, that it did not have jurisdiction. He cannot change his position and claim that she is a resident of Alabama and still operate on nonresident service by registered mail. At no time in any of the proceedings in this case did the wife appear generally. Every pleading she filed pro se or by her attorneys was by special appearance.

■ Where a party in a pending suit for the purpose of maintaining his cause or defense, has deliberately presented in his pleading a transaction in one aspect and obtained an advantageous ruling thereon, he will not in that case be permitted to contradict his own representation. Mitchell v. Friedlander, 246 Ala. 115, 19 So.2d 394; Sealy v. Lake, 243 Ala. 396, 10 So. 2d 364.

We are not to be understood as holding that the husband did not have a right to amend. But he could not profit by having his wife served as a nonresident and then proceed on the theory that she was a resident, when she had never made a general appearance and had not been served personally or voluntarily consented to the jurisdiction of the court.

It follows that the trial court was without jurisdiction unless the appellee husband is able to show that the principles stated supra should not be applied.

Appellee argues first that the wife had accepted $670 as payments from her husband and, therefore, could not, under the doctrine of Levine v. Levine, 262 Ala. 491, 80 So.2d 235, attack the decree's validity. But the record shows that the Florida support decree was dated April 6, 1964, and the trial court in Montgomery County found on January 27, 1965, that the husband would be, on February 1, 1965, in arrears in the amount of $2,330.

The wife and their child were entitled to support from the husband and father. She was entitled to support under the Florida decree and by virtue of her proceedings under the Uniform Reciprocal Enforcement of Support Act.

■ Here, the amount she had received was less than that to which she was entitled under the Florida decree which was based on personal service on her husband, and it cannot be successfully claimed under the record before us that she has at any time ratified the Alabama decree.

Appellee next argues that should we not wish to base our judgment on the theory

of the *Levine* case, 262 Ala. 491, 80 So. 2d 235, the decree is valid and not subject to attack, either because of lack of jurisdiction or for defects in service.

Appellee contends that the amended bill alleges that both parties were domiciled in Alabama and "it matters not one whit whether the Appellee alleged or proved that he resided in Alabama for more than one year preceding the filing of the Complaint." We have already shown that it *did* matter and that the amendment to Tit. 34, § 29, does not apply in this case.

Appellee argues that under our decision in New York Times v. Sullivan, 273 Ala. 656, 144 So.2d 25, the wife made a general appearance when she filed her plea in abatement. We cannot agree and think there is a clear distinction between the two cases. There, the New York Times was contesting the legality of the service of process, and in the motion to quash service, they raised grounds going to the merits of the case.

Here, there was no defect in the service by registered mail on the nonresident defendant. But the original bill and the plea in abatement showed that the court had no jurisdiction of the marital res of this husband and wife because of the jurisdictional requirements of Tit. 34, § 29. This lack of jurisdiction was proven by the records of the same court, and was attached as an exhibit to the wife's plea in abatement. The point is that since the husband secured valid service on the wife as a nonresident, he is estopped to take a contrary position and proceed as if the wife had been personally served or had made a general appearance voluntarily.

■ A defendant has the right to limit his appearance, and an appearance made for a special purpose ought not to be held to give the court jurisdiction over the defendant, except to the extent of hearing and determining the question which he specially presents to it for consideration. Ex parte Haisten, 227 Ala. 183, 149 So.

213; Oliver v. Kinney, 173 Ala. 593, 56 So. 203.

■ As already noted, the wife appeared specially in making her motion to set aside the decree as void on the face of the proceedings and thus did not constitute a general appearance as did the motion in Sachs v. Sachs, 278 Ala. 464, 179 So.2d 46.

Appellee argues that the wife did have notice of the amendment to the bill of complaint because the record shows that counsel for the husband certified that a copy of the amendment had been mailed to Harry L. Michaels, solicitor for respondent, at Tallahassee, Florida.

Equity Rule 28(c), Tit. 7, Appendix, Code 1940, provides that amendments may be made to any bill after the defendant has filed a pleading, but before submission, "by filing such amendment with the register and by delivering a copy thereof to all parties, or their attorneys of record."

There is no showing in the transcript that the wife was served with a copy of this amendment which purported to give the court jurisdiction of the subject matter, either by personal service, by publication, or by registered mail to her same address as shown in the amendment. The only notice given was the mailing of a copy to the attorney who was representing the wife in the Florida proceedings.

■ We are clear to the conclusion that the Florida attorney was not the wife's "attorney of record" in the Alabama proceedings. An "attorney of record" means an attorney who has filed an appearance or pleading in the cause and is therefore presumed to have authority to bind his client by acceptance of service. Words and Phrases, Attorney of Record; Reynolds v. Reynolds, 21 Cal.2d 580, 134 P.2d 251; Allen v. Allen, Cal.App., 175 P.2d 919. Here, the Florida attorney had signed no pleadings and had made no appearance. The only pleading filed at that time by the wife was signed by her. She appeared pro se and there was no suggestion that she had an attorney. We must hold that the wife was not legally served with a copy of the amendment. A lawyer cannot be made an "attorney of record" by hearsay or by a statement of counsel of an adverse party. He becomes an attorney of record only when his name appears on pleadings in the cause, or the record shows his authority to act for his client by virtue of his client's selection of him, or his selection or association by other counsel of the client, or by some action of the court. Also, the signing of the name of the Florida attorney by the deputy register to the note of testimony, without any authority from him or the appellant, does not constitute an appearance or make him an "attorney of record."

Every citizen, whether natural or artificial, is entitled to his day in court, and an opportunity to be heard, before being deprived of life, liberty or property. Ex parte Haisten, 227 Ala. 183, 149 So. 213. We are convinced that the decree was void on the face of the proceedings because the court did not have jurisdiction of the subject matter under Tit. 34, § 29, and the wife has not had her day in court.

The decree of the trial court is reversed and the cause is remanded with directions that the decree of April 28, 1964, be set aside.

Reversed and remanded with directions.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.