394 So.2d 54 (1981)
Abner CHAVIS, Jr.
v.
Linda Diane CHAVIS.
Civ. 2355.
Court of Civil Appeals of Alabama.
February 11, 1981.
Benjamin E. Pool, Montgomery, for appellant.
John P. McClusky and Ginger E. Garrett of Legal Services Corporation, Tuscaloosa, for appellee.
*55 WRIGHT, Presiding Judge.
This appeal is from an order setting aside, for lack of jurisdiction, a default judgment of divorce. The case transpired as follows:
The husband, Abner Chavis, filed suit for divorce in the Montgomery County Circuit Court on June 28, 1979. Out-of-state service by process server was had upon the wife, Linda Diane Chavis, a resident of Louisiana. She failed to respond within the time allowed by law. Default judgment was entered on application to the deputy registrar of the court and a final judgment of divorce was rendered on August 17, 1979. The judgment awarded custody of the parties' minor children to the husband.
On January 7, 1980, the husband filed a contempt petition alleging that the wife had refused to surrender the children in violation of the judgment. The wife filed a motion to dismiss the contempt action and subsequently amended the motion, asserting that the judgment was void for lack of jurisdiction. A hearing was held on the husband's petition, wife's motion and amendment thereto on April 4, 1980. On April 15 the court dismissed the husband's petition and found the divorce decree void. The husband filed a motion to alter, amend or vacate the judgment, the motion was denied and the husband appeals. We affirm.
The wife's motion to dismiss, made the basis for the relief granted, was, as amended, an attack on the final judgment of divorce.
The amended motion set forth the following:
2. Plaintiff, at the time of filing his complaint for divorce, herein was not, to the best of defendant's knowledge and belief, a bona fide resident or domiciliary of the State of Alabama, as required by Sec. 30-2-5, Code of Alabama (1975). Therefore the court lacked jurisdiction to enter the decree sought to be enforced herein and it was void.
Our courts consider motions according to their substance. Den-Tal-Eze Mfg. Co. v. Gosa, 388 So.2d 1006 (Ala.Civ.App. 1980). The substance of the amended motion was to set aside the divorce decree as void. The court could and did consider the motion as a Rule 60(b) motion. ARCP 60(b)(4).
The central issue to this appeal is whether the court was correct in finding its earlier divorce decree void for lack of jurisdiction. Personnel Board for Mobile County v. Bronstein, 354 So.2d 8 (Ala.Civ.App. 1977), cert. denied, 354 So.2d 12 (Ala.1978).
Section 30-2-5, Code of Alabama (1975) provides that if a defendant in a divorce case is a nonresident of Alabama, the plaintiff must have been a bona fide resident of this state for six months next before the filing of the complaint. Our courts have no jurisdiction over the marital res where the residence requirement is not met. A judgment rendered without proof of this requirement is void for want of subject matter jurisdiction. Winston v. Winston, 279 Ala. 534, 188 So.2d 264 (1966); Volin v. Volin, 272 Ala. 85, 128 So.2d 490 (1961); Levy v. Levy, 256 Ala. 629, 56 So.2d 344 (1951). Residence, for purposes of § 30-2-5, is the same thing as domicile. See, Richardson v. Richardson, 258 Ala. 423, 63 So.2d 364 (1953).
It is undisputed that the defendant was a nonresident when the action commenced. The question thus becomes one of the husband's residence. Was Abner Chavis a bona fide resident of Alabama for the six months next preceding the filing of the complaint?
The April 4 hearing before the court was conducted for the purpose of determining the husband's residence as it pertained to § 30-2-5. Oral testimony was heard by the court. The court determined the husband had not met the residence requirement and set aside its divorce judgment as void for lack of jurisdiction. In such a case the judgment of the court is presumed correct and will not be set aside on appeal unless so contrary to the great weight of the evidence as to be palpably wrong. Nero v. Material Sales Co., 340 So.2d 454 (Ala.Civ. App. 1976).
*56 We do not set out here the evidence adduced at trial touching the issue of fact as to whether the husband was a resident of or domiciled in Alabama at the time of filing the complaint for divorce. It is sufficient that there is evidence to support the finding of the trial court that he was not. We therefore affirm.
AFFIRMED.
BRADLEY, J., concurs.
HOLMES, J., concurs specially.
HOLMES, Judge (concurring specially.)
I agree with the majority opinion; however, I feel constrained to comment that there also is ample evidence to support a conclusion that the husband was in fact a domiciliary of Alabama. Put another way, the evidence and its legal import had to be resolved by the trial court. As the majority states, the trial court's resolution is supported by the evidence. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Sutton v. Sutton, 55 Ala.App. 254, 314 So.2d 707.