This is an appeal from denial of a Rule 60 (b) motion. We affirm.
The pleading, without legend but which the trial court considered as a Rule 60 (b) motion, alleged that a judgment entered against defendant upon agreement and consent of his retained counsel was without the knowledge, consent and authority of defendant. It further alleged that defendant had a meritorious defense to the suit. The defendant and original plaintiff denied the allegations. Evidence was heard by the court and the court refused to set aside the judgment.
The clerk's record discloses the following: Sam Nero was sued by Material Sales Co. upon an open account. Nero retained the services of attorney Taylor to represent him. Various pleadings were filed in the suit over a period of several months. Included among the pleadings was a request by Taylor for a bill of particulars. Material Sales filed an itemized account. They then filed request for admissions. No admissions were filed by Nero. Several months later an instrument consenting to judgment in the amount of $8,003.38 was signed by counsel on behalf of the parties, and judgment was entered in accord by the court on September 12, 1975. The petition considered below as a 60 (b) motion was filed as a separate action in February, 1976.
The testimony of Nero heard by the trial court in support of his motion was, in essence, that when he was sued by Material Sales Co., he retained attorney Taylor with a $100 fee to write Material Sales and inform them that he would catch up on the bill as soon as he could get employment; that he thereafter discussed the account with a representative of Material Sales and denied receiving some of the merchandise charged to him; he did not further discuss the case with attorney Taylor after December 3, 1974; he did not authorize Taylor to consent to judgment nor did he know of entry of judgment until December of 1975, when he was informed by levy of the Sheriff.
The testimony opposing the motion was taken from attorney Taylor. He stated that he represented Nero and submitted to him the itemized statement of particulars which he received from Material Sales. He filed the various pleadings and delayed trial for several months. Nero never informed him of any discrepancies in the account or that the account was not owed. Discussion of settlement was had with counsel for Material Sales. A proposed agreement that judgment be entered with execution withheld so long as payments of $100 per month were made, was submitted to Nero. He accepted the agreement and Taylor consented that judgment be entered.
Having heard the conflicting evidence, the court denied the motion to set aside the judgment.
An attorney has authority to bind his client in an action by an agreement *Page 456 
made in writing or by entry made on the minutes of the court. Title 46, Section 46, Code of Alabama (1940). Such agreement may be set aside upon any ground that would warrant rescission of a contract — such as fraud or collusion. Ex parte Hayes,92 Ala. 120, 9 So. 156 (1890). Wadsworth v. First National Bank ofMontgomery, 124 Ala. 440, 27 So. 460 (1899). It has been held that an attorney may not settle or compromise a claim without the authority of his client. Senn v. Joseph, 106 Ala. 454,17 So. 543 (1894). We consider it equally necessary that authority be granted for consent by attorney to entry of judgment against his client.
However, on motion to set aside a judgment entered by agreement of counsel on the ground of want of authority, the issue is one of fact. The evidence in this case was in conflict and was resolved by the court after oral hearing. In such a case, the judgment of the court is presumed correct and will not be set aside upon appeal unless so contrary to the great weight of the evidence as to be palpably wrong and unjust.Martin v. Howard, 293 Ala. 36, 299 So.2d 727 (1974). Our review does not convince us that the judgment below is wrong. We therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.