ADAMS, Justice.
The defendant, Richard Allen Flowers, appeals from the denial of his motion for relief from a consent judgment in the amount of $85,000.00 in a wrongful death action filed by the administratrix of the estate of Jerry Mack McGill. Flowers claimed that his lawyer for over five or six years informed the Circuit Court of Baldwin County that Flowers had consented to a judgment for $85,000.00 when, in fact, he had not so consented. However, Flowers did not file his motion under Rule 60(b)(6) of the Alabama Rules of Civil Procedure until more than one year after the entry of the consent judgment, and three days prior to a scheduled sheriffs sale of certain real property owned by him.
The single question posed by this appeal is:
Did the trial court err in refusing to grant defendant relief from the $85,-000.00 judgment as requested in his Rule 60(b)(6) motion?
We are of the opinion that the trial court did not err in refusing to grant the relief, and we affirm its judgment.
There is no question as to what the relevant law is in this case. An attorney has the authority to bind his client, provided the attorney acts within the scope of his authority. Nero v. Material Sales Co., Inc., 340 So.2d 454 (Ala.Civ.App.1976); McGinnis v. Chance, 247 Md. 393, 231 A.2d 63 (1966); Bank of Glade Spring v. McEwen, 160 N.C. 414, 76 S.E. 222 (1912). The defendant in this case says that his lawyer did not have the authority to enter the consent judgment. The lawyer says that he had this authority from his client. Therefore, the decision in this case must, of necessity, hinge on the resolution of this factual dispute.
Testimony for and against the Rule 60(b)(6) motion came from five witnesses, namely: the defendant, Flowers; his wife, Bobbie Jean Flowers; their two children, Earl Flowers and Bonnie White; and, defendant’s former lawyer, the Honorable Norborne C. Stone, Jr. (Lawyer Stone).
It would serve no useful purpose to summarize all of the facts contained in the transcript in this case. Some of the more relevant facts are as follows:
In addition to the wrongful death action demanding the sum of one million dollars, there was also pending against the defendant an indictment for murder arising out of the same fact situation as the wrongful death action. Both the defendant and his former lawyer agree that regarding settling these two cases there were many discussions both by way of telephone and by conversation at the defendant’s home in the presence of his wife. Defendant admits that he agreed to plead guilty and did plead guilty to negligent homicide — an offense much less than murder. He likened this crime to a DWI offense. Lawyer Stone states that the criminal offense was inex *8 tricably connected with the civil action and that he could only settle the criminal action by agreeing to settle the civil action.
The defendant admits that this was represented to him, but steadfastly contends that he only agreed to enter a plea of guilty in the criminal case and told his lawyer that he wanted to be tried by twelve honest citizens and that if he lost with a jury, he would be satisfied to give up his property. Defendant is a 46-year-old farmer with an eighth or ninth grade education and at the time of the trial, farmed, along with his 23-year-old son, approximately 450 acres, some of which he owned and some of which he rented.
Defendant admitted that he knew about the consent judgment and that he attempted to get other lawyers to help him with his case, but he says he was unsuccessful because of the prestige and reputation of Lawyer Stone. He did file a petition for bankruptcy, but this petition was dismissed four months before the hearing on the motion for relief from the consent judgment.
Defendant’s wife testified that at the meeting at their home, she suggested that her husband follow the advice of Lawyer Stone, since he had represented them successfully in the past, but she says that she never heard her husband actually give consent to his lawyer to negotiate for a misdemeanor plea in the murder case and to agree to a judgment in the civil case.
The defendant admits that on the evening of the accident he had a couple of drinks at the VFW Club and that he had some DWIs previous to the alleged accident in question. Defendant insists, however, that he did not strike Jerry McGill in the parking lot of the VFW Club.
Apparently, the defendant authorized Lawyer Stone to file a bad faith suit against defendant’s insurance company for $10,000.00 and that suit was settled favorably to the defendant for the $10,000.00 and applied to the $85,000.00 judgment.
With these facts, as well as the applicable law before it, the trial court ruled that Flowers had authorized Lawyer Stone to enter the consent judgment in the civil case and denied Flower’s Rule 60(b)(6) motion. Viewing these facts from the appellate level, we cannot say that the trial court was clearly wrong. Our standard of review is plain. This court will not disturb the judgment of the trial court unless there is a failure to apply the applicable legal principles, or its decision is palpably wrong and unjust. See Ex parte Shuttleworth, 410 So.2d 896 (Ala.1982); Martin v. Howard, 293 Ala. 36, 299 So.2d 727 (1974); Nero v. Material Sales Co., 340 So.2d 454 (Ala.Civ.App.1976).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.