Hope Developers, Inc., Cullman Octa Structure Homes, Inc., and Goodlett Corporation (hereinafter "the corporations") appeal from a judgment dismissing, on res judicata grounds, their complaint against Dwy Nal Nixon Vandiver, Jessie G. Nixon, and Barbara Ann Farley. A prior action brought by Hope Developers, Inc.,[1] had resulted in a judgment of $112,000 against Vandiver. Nixon and Farley were parties to that action at one time, but were dismissed. An equitable claim against Vandiver was also dismissed in the prior action, the order of dismissal reciting that the dismissal was "without prejudice." The corporations argue that, pursuant to Rule 41(a)(2), Ala.R.Civ.P., those dismissals were without prejudice and thus without any res judicata effect on the present action.
Both actions arose from the following facts: In 1980, Jessie G. Nixon deeded 40 acres to her son, Arthur T. Nixon, and his wife, Dwy Nal Nixon. As a result of their divorce in 1982, Arthur T. Nixon conveyed the property to Dwy Nal Nixon. In 1983, Dwy Nal Nixon entered into agreements with Hope Developers, Inc., for the development of 39 acres of the property; pursuant to that agreement, she conveyed 39 acres to Hope Developers and executed a note and a mortgage on the 39 acres from Hope Developers to Dwy Nal Nixon. Dwy Nal Nixon retained one acre as her residence. Later in 1983, the United States Government attached the entire 40 acres and instituted proceedings to seize the property based on allegations that Arthur T. Nixon had engaged in trafficking in controlled substances.
In June 1985 the one-acre parcel was released from the attachment, and in July of that year Dwy Nal Nixon conveyed that parcel to Jessie G. Nixon and Barbara Ann Farley, who is Jessie G. Nixon's daughter. During the pendency of the attachment, Hope Developers apparently stopped making installment payments on the note secured by its mortgage to Dwy Nal Nixon, and in November 1985 she instituted foreclosure proceedings. She received a foreclosure deed on December 9, 1985, and she then deeded the 39 acres to Jessie G. Nixon on January 3, 1986. On January 7, 1986, Jessie G. Nixon deeded the 39 acres to herself and Barbara Ann Farley as joint tenants with right of survivorship. The equitable claims in both actions sought rescission of these three deeds.
Based on these facts, Hope Developers filed an action ("the first action") in February 1986 against Dwy Nal Nixon claiming damages in seven counts for breach of the covenants in the deed conveying the 39 acres to it, fraud, "wrongful ejectment," forcible entry, trespass, conversion, and breach of contract. Count two of the complaint sought to set aside the foreclosure deed, and count nine sought to have the foreclosure deed and the January 3 and January 7 deeds set aside. Jessie G. Nixon and Barbara Ann Farley were added as defendants in February 1987, but were dismissed in June 1987. The entry of that dismissal on the case action summary of the first action reads, in pertinent part: *Page 1075 
"After conference, the attorneys agreed and the Court carries out the agreement by this order that Jessie G. Nixon and Barbara Ann Farley are dismissed by consent as . . . defendants." Thus, only Dwy Nal Nixon remained as a defendant.
The first action went to trial in August 1988. The seven counts for damages were submitted to the jury, which returned itemized verdicts on the various counts, totalling $112,000. The court reserved judgment on count two, as evidenced by the case action summary of the first action.[2] Dwy Nal Nixon filed a motion for a j.n.o.v. or for a new trial. Two continuances of a hearing on that motion and on count two were entered on the case action summary, which then reflects that count two was dismissed "without prejudice" by order of the court on November 18, 1988. That order is not included in the record before us, but the judgment in the first action, by which the court denied Dwy Nal Nixon's motion for j.n.o.v. or for new trial on December 2, 1988, includes the following: "On 11-18-88, the plaintiffs [sic] moved to dismiss without prejudice Count Two of their complaint, being the equitable claim that had been reserved by the Court at the trial and the claimed Count Two was dismissed by the Court without prejudice."
On April 21, 1989, the corporations filed this action ("the second action"), seeking to have the foreclosure deed set aside (i.e., the relief previously sought in count two of the first action), and seeking to have the January 3 and January 7 conveyances to Jessie G. Nixon and Barbara Ann Farley set aside (i.e., the relief sought in count nine of the first action). Dwy Nal Nixon Vandiver,[3] Jessie G. Nixon, and Barbara Ann Farley filed a motion for the second action to be dismissed. The court granted that motion and dismissed the action, holding that the second action was barred by res judicata.
This Court has set out the test for res judicata, or claim preclusion, as follows:
 "The elements of res judicata [or claim preclusion] are as follows: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits. If these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action."
Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190,1199 (Ala. 1978), quoted in Leverette ex rel. Gilmore v.Leverette, 479 So.2d 1229, 1235 (Ala. 1985), and in Sanders v.First Bank of Grove Hill, 564 So.2d 869, 872 (Ala. 1990) (citations omitted; bracketed phrase added in Sanders).
Rule 41(a)(1)(i), Ala.R.Civ.P., allows a plaintiff to dismiss a complaint simply by notice of dismissal if the defendant has not served an answer or a motion for summary judgment, and rule 41(a)(1)(ii) allows dismissal by stipulation of the parties. Rule 41(a)(2), Ala.R.Civ.P., reads, in pertinent part:
 "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."
If these provisions apply to the dismissals in the first action, it would appear that those dismissals were without prejudice, meaning that they would not bar the plaintiffs' right to file this action. *Page 1076 
Rule 41 speaks of the dismissal of "an action," whereas the dismissals in the first action were, first, as to some but not all parties to the action, and, second, as to some but not all claims against a particular defendant. Does Rule 41 apply to such dismissals? Our research has not disclosed an Alabama case on point.[4] Because Rule 41 is derived from and is substantially similar to Rule 41 of the Federal Rules of Civil Procedure, Federal cases interpreting Rule 41, F.R.Civ.P., are authority for interpretation of Rule 41, Ala.R.Civ.P. Duncan Constr. Co.v. R P Properties, 460 So.2d 852 (Ala. 1984).
The Federal cases are not unanimous on the question of such dismissals. See 5 Moore's Federal Practice ¶ 41.06-1 (2d ed. as supplemented through 1990); 35B C.J.S. Federal Civil Procedure
§ 790 (1960). In the Eleventh Circuit Court of Appeals, however, a dismissal by notice under Rule 41(a)(1)(i) as to some defendants is proper even though the action remains pending as to other defendants. Cordis Corp. v.Siemens-Pacesetter, Inc., 682 F. Supp. 1200 (S.D.Fla. 1987);Oswalt v. Scripto, Inc., 616 F.2d 191 (5th Cir. 1980); PlainsGrowers, Inc. v. Ickes-Braun Glasshouse, Inc., 474 F.2d 250
(5th Cir. 1973).[5] It is clear from these holdings and other similar ones, see, e.g., Holiday Queen Land Corp. v. Baker,489 F.2d 1031 (5th Cir. 1974), that the dismissal without prejudice of one defendant does not bar a renewed complaint against that defendant even if the first action goes to judgment against the remaining defendants. We see no reason why this principle should apply only to Rule 41(a)(1)(i) dismissals by notice and not to Rule 41(a)(2) dismissals by order of the court. If anything, a dismissal by order of court without prejudice should be less likely to prevent a new complaint against the dismissed defendant, because the order could make the dismissal be with prejudice or could impose conditions on the dismissal.
Thus, the dismissal before trial of Jessie G. Nixon and Barbara Ann Farley as defendants should be considered a dismissal under Rule 41(a)(2)[6] and, because it did not recite that it was a dismissal with prejudice, it must be construed as a dismissal without prejudice, and the judgment against Dwy Nal Nixon can have no res judicata effect as to them.
The opinion in Whisman v. Alabama Power Co., 512 So.2d 78
(Ala. 1987), does not conflict with this decision. The dismissed defendants in that case were in privity with or had a substantial identity of interest with the defendants against whom the first action did go to judgment, so the "substantial identity of parties" element of res judicata was met. Moreover, the dismissed defendants did not argue that, by operation of Rule 41, the dismissal of them from the first action was without prejudice. Thus, Whisman is distinguishable.
The dismissal against some but not all of the claims against Dwy Nal Nixon presents a different question. Again, the authorities are not uniform in their treatment of the question, see Moore, supra. The better authorities seem to be those that say such a "dismissal" is not really a dismissal under Rule 41, but an amendment of a complaint under Rule 15(a). This usually comes up in connection with questions of Federal jurisdiction, concerning whether the court has jurisdiction over the "amended" complaint. See, e.g., Gronholz v. Sears, Roebuck Co., 836 F.2d 515 (Fed. Cir. 1987); Exxon Corp. v. MarylandCas. Co., 599 F.2d 659 (5th Cir. 1979).
Assuming that we would agree that an early dismissal of some but not all claims *Page 1077 
against a defendant would be considered an amendment, not a Rule 41 dismissal without prejudice, that analysis is problematic here where the other claims had already proceeded to verdict. Moreover, the court in the first action entered an order dismissing the equitable claim "without prejudice." There is no indication that Dwy Nal Nixon made any objection to that order and judgment. Thus, she is estopped to raise the defense of res judicata in this subsequent action on that claim. SeeManer v. Maner, 279 Ala. 652, 189 So.2d 336 (1966); Scrogginsv. Alabama Gas Corp., 275 Ala. 650, 158 So.2d 90 (1963).
For the foregoing reasons, the judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] All three corporations are owned by Douglas Goodlett, Sr., and no contention is made in this action that Cullman Octa Structure Homes, Inc., and Goodlett Corporation should not be barred by res judicata simply because they were not plaintiffs along with Hope Developers, Inc., in the first action.
[2] Although the record before us does not disclose a specific adjudication as to count nine, which sought to have the deeds to Jessie G. Nixon and Barbara Ann Farley set aside, the dismissal of those parties from the first action necessarily operated as a dismissal of that count.
[3] Obviously the same person as Dwy Nal Nixon, having remarried before the second action was filed.
[4] But see Dominex, Inc. v. Key, 456 So.2d 1047 (Ala. 1984), in which the dismissal of a defendant in a prior action contributed to the lack of a res judicata effect of that judgment on a later action. No mention is made therein of Rule 41.
[5] Opinions of the former Fifth Circuit are binding on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206
(11th Cir. 1981).
[6] Even though the order recited that the dismissal was "by consent," the dismissal need not be considered a Rule 41(a)(1)(ii) dismissal by stipulation, because that provision requires that the stipulation be signed by the parties. The difference is immaterial, because either type is a dismissal without prejudice unless stated otherwise.