L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1971. By agreement of the parties, which was incorporated into a final decree, the mother was awarded custody of the three younger children, and the father was awarded custody of the two older children. The father agreed to pay to the mother $200 per month in child support.
In March 1990 the State of Alabama, on behalf of the mother, filed a petition for rule nisi, alleging that the father was in arrears in his child support payments. At a hearing before a referee, the mother testified that the parties were divorced by a subsequent and second divorce decree entered by a Florida court in 1972. The state orally requested that the motion be dismissed. The referee recommended that the petition be dismissed “and held for naught.” The circuit court ratified the referee’s recommendation.
In January 1992 the state, on behalf of the mother, again filed a petition for rule nisi based on the 1971 Alabama divorce decree! The petition alleged an accrued child support arrearage of $37,840 and claimed $13,622.40 in interest. A hearing was held before a referee. In April 1992 the referee reported that the father was $37,840 in arrears and that $14,757.67 in interest was due on the arrearage.
The father filed a motion for rehearing and motion to dismiss on April 9, 1992. In his motion he alleged that the circuit court’s June 1990 order, dismissing the pri- or rule nisi petition, was conclusive as to the issues brought before the court in the present proceeding. Following a hearing on the motion, the court denied the father’s motion.
In June 1992 the circuit court entered an order ratifying the referee’s report as it pertained to arrearage. The matter of contempt was continued. The father appeals.
The father asserts that the court erred in refusing to find that the dismissal of the mother’s 1990 petition for rule nisi barred the present proceeding under the doctrine of res judicata.
Rule 41(a)(2), Alabama Rules of Civil Procedure, provides that an action may be dismissed by request of the plaintiff “upon order of the court and upon such terms and conditions as the court deems proper.” Unless specified otherwise, a dismissal under this section is without prejudice. Rule 41(a)(2), A.R.Civ.P. A dismissal “without prejudice” does not bar a subsequent action between the same parties on the same issues. Hope Developers, Inc. v. Vandiver, 582 So.2d 1073 (Ala.1991).
A review of the record in the present proceeding shows that the 1990 dismissal was voluntarily requested by the state. The order dismissing the action does not specify that the action was dismissed with prejudice. The dismissal was without prejudice and, therefore, had no res judicata effect upon the subsequent 1992 action.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.