MONROE, Judge.
Bill Hoppe appeals from the summary judgment entered in favor of William Slovik, who does business as B & B Motors. The case arises from a dispute over possession of a van. Hoppe left his van with Slovik for repairs. Once the van was repaired, Slovik sent Hoppe a bill. The evidence is conflicting as to whether Hoppe simply failed to pick up the van or whether he and Slovik had a disagreement concerning the workmanship and cost of the repairs. Slovik took action under the “abandoned motor vehicle” statute, § 32-13-1 et seq., Ala.Code 1975, and notified Hoppe that he was going to sell the van. Slovik also sent notice of the sale to Dr. Tom Payne, who had a lien on the van, and advertised the sale in the newspaper. On August 25, 1993, the day before the van was to be sold, Hoppe applied to the district court for a hearing to contest the sale of the van. The *889 district judge stayed the sale and set a hearing on the matter for August 31.
Attorneys for Hoppe and Payne appeared at the hearing, but neither Slovik nor his attorney appeared. After the hearing, the district court entered the following order:
“On August 25, 1993, the Plaintiff in the above styled cause filed an Application for Hearing involving an abandoned motor vehicle. The Plaintiff was represented by Hon. Mike Mosley, attorney at law. On August 26, 1993, the Court entered an Order STAYING sale of said motor vehicle and set a hearing on Plaintiffs Application for August 31, 1993, at 1:30 p.m.
“On August 31, 1993, attorney for Plaintiff appeared and informed the Court that to the best of his knowledge the said vehicle had been sold. Also present at this hearing was Hon. Robin Reynolds, attorney at law. Mr. Reynolds represented Dr. Tom Payne, a person allegedly holding a [lien] on the vehicle.
“Both counsel apparently acknowledged that the vehicle had been sold, and that there could therefore be no action on this Application to Stay the sale of the same. The Court thereupon was informed by both counsel that they intended to seek other legal remedies against Mr. Slovik, possibly in the Circuit Court.
“IT IS' ... ORDERED that this case is DISMISSED.”
The district court’s order was dated August 31, but it was not filed until October 15,1993.
On June 11,1994, Hoppe sued Slovik in the Tallapoosa Circuit Court, claiming Slovik had converted the van for his own use. Slovik moved for a summary judgment on the grounds of res judicata; the trial court accepted the res judicata argument and entered a summary judgment for Slovik. Hoppe appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Under Rule 41(a)(2), Ala.R.Civ.P., an action can be dismissed “upon order of the court and upon such terms and conditions as the court deems proper.” The dismissal is without prejudice, unless the order specifies otherwise. Rule 41(a)(2). “A dismissal ‘without prejudice’ does not bar a subsequent action between the same parties on the same issues.” Vining v. Vining, 611 So.2d 1083, 1084 (Ala.Civ.App.1992).
The district court’s order did not specify that the action was dismissed with prejudice. Therefore, the dismissal was without prejudice, and the doctrine of res judicata did not apply to bar Hoppe’s subsequent action in the circuit court.
The circuit court erred in entering summary judgment in favor of Slovik on the grounds of res judicata. Therefore, that judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.