MADDOX, Justice
(dissenting).
Because I believe that Rule 41(a)(1), Ala. R. Civ. P., barred adjudication of this lawsuit, I must respectfully dissent from the majority’s quashing the writ of certiorari issued to the Court of Civil Appeals. The facts show that David Lynn was sued for monies claimed due under the terms of a land lease contract, by Joe Nelson, Nelson Nash, Mike Patterson, Ricky Reeves, and Larry Dean. The plaintiffs filed this action in the Jefferson District Court on May 20, 1992; upon motion by Lynn, the trial court transferred the case to the Lee District Court — the defendant Lynn resides in Lee County. On August 26, 1992, before Lynn answered, the plaintiffs voluntarily dismissed their claims against Lynn. On December 7, 1992, they again sued him in the Jefferson District Court, asserting the same contract claim; the defendant Lynn made another motion to transfer the ease to Lee County, which was granted. After the ease had been transferred, the plaintiffs moved to have the ease transferred from the district court to the circuit court. The trial judge, finding that a defect in the complaint barred a transfer, denied this motion; the plaintiffs then moved to dismiss the action against Lynn, so that *141 they could refile their claim in the circuit court. The trial judge granted this motion; on August 27, 1993, the plaintiffs sued Lynn in the Lee Circuit Court.
After this case had been filed, Lynn moved to dismiss this action, arguing that Rule 41(a)(1), Ala. R. Civ. P., prohibited it because the plaintiffs had voluntarily dismissed their action on two previous occasions. The trial judge overruled this motion to dismiss. Following a trial on the claims, a jury returned a verdict in favor of the plaintiffs for approximately $15,000. The Court of Civil Appeals affirmed, holding that the trial judge did not err in overruling Lynn’s motion to dismiss. Lynn v. Nelson, 681 So.2d 138 (Ala.Civ.App.1995).
I agree with the defendant that the trial court erred in overruling the motion to dismiss based on Rule 41. Rule 41(a)(1) reads:
“(a) Voluntary dismissal: Effect thereof.
“(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of Alabama, or of the United States, or of any state, an action based on or including the same claim.”
(Emphasis added).
A thorough review of the record shows that Lynn never answered in the first two cases. Therefore, I conclude that the plaintiffs voluntarily dismissed in both actions pursuant to Rule 41(a)(1)(i). Because the trial judge, in dismissing the plaintiffs’ second action, stated in her order that “the case is dismissed without prejudice,” the plaintiffs argue that their second dismissal was entered pursuant to Rule 41(a)(2), which allows for a dismissal without prejudice by entry of a court order. However, the order by the trial judge did not affect the applicability of Rule 41(a)(1) in this case, because this rule states in clear and unambiguous language that “a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of Alabama ... an action based on or including the same claim.” There is little dispute that all three of these lawsuits involved substantially the same claim, i.e., money allegedly due for breach of a land lease contract, and there is no dispute that the plaintiffs had acted to have their action dismissed on two previous occasions.
Rule 41(a)(1) states that the notice of dismissal acts as an adjudication on the merits; therefore, it is irrelevant that the trial judge stated that the second action was dismissed without prejudice, because the filing of the motion for dismissal, as a matter of law, acted as an adjudication on the merits.[1]
In support of the position that Rule 41(a) does not bar this third lawsuit, the plaintiffs, citing no caselaw, state that Rule 41(a)(1) applies only to a “notice of dismissal,” not to a “motion to dismiss,” such as was filed in their second action. The United States Court of Appeals for the Fifth Circuit, in addressing a similar argument involving Rule 41, Fed.R.Civ.P., has held that the difference between these two words — -“notice” and “motion” — is a “distinction without difference” and that the use of the term “motion” rather than “notice” does not preclude application of the Rule. Williams v. Ezell, 531 F.2d 1261 (5th Cir.1976).
“Because Rule 41 is derived from and is . substantially similar to Rule 41 of the Federal Rules of Civil Procedure, Federal eases interpreting Rule 41, F.R.Civ.P., are authority for interpretation of Rule 41, Ala. R. Civ. P.”
Hope Developers, Inc. v. Vandiver, 582 So.2d 1073, 1076 (Ala.1991). I accept the holding of Williams as a correct statement of law, because there exists no practical difference *142 between a “notice of dismissal” and a “motion to dismiss”; these are basically the same creatures with different names.
The Alabama Rules of Civil Procedure were promulgated to ensure efficiency and fairness at trial. Judicial interpretation of these rules should conform to the purposes for adopting these rules. See, Rule 1(c), Ala. R. Civ. P. (“These Rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.”). Therefore, I would hold that the trial judge erred in denying the defendant’s motion to dismiss.
Because the language of Rule 41(a)(1) clearly states that the plaintiffs second dismissal acted as an adjudication on the merits, I must dissent from the majority’s quashing of the writ of certiorari to the Court of Civil Appeals.

. See, Tit. 7, § 254, Ala.Code 1940 (“two non-suits, not set aside or reversed on error, are equivalent to a verdict against the party suffering them”).